■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD MITCHELL, Appellant.—Judgment entered in the Supreme Court, New York County, on May 17, 1973 convicting the defendant upon a jury verdict, of robbery first and second degrees, grand larceny, third degree and possession of a weapon as a felony, unanimously modified, on the law, to the extent of reversing the conviction on the grand larceny and possession of a weapon counts and dismissing those counts of the indictment and, as so modified, the judgment is affirmed. We find, as the District Attorney candidly concedes, that the verdict convicting defendant of robbery, grand larceny and possession of a weapon cannot stand. Defendant, on the facts in this case, could not have committed the robbery without also commiting the grand larceny and he could not have taken property from the person of the complainant by means of a weapon without possessing a weapon (actually, here defendant was responsible for the actual physical possession by his accomplice). These counts, therefore, were inclusory and concurrent. (CPL 300.30, subd 4; *People v Hayes,* 43 AD2d 99, affd 35 NY2d 907.) Where the verdict is comprised of inclusory, concurrent counts, a verdict of guilty on the greatest count is deemed a dismissal of every lesser count. (CPL 300.40,

subd 3, par [b]; *People v Pyles,* 44 AD2d 784; *People v Grier,* 37 NY2d 847.) We have examined the other points urged by defendant and find them without merit. Concur—Stevens, P. J., Markewich, Tilzer, Lane and Nunez, JJ.