■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAC ARTHUR BRITT, Appellant.—Judgment, Supreme Court, Bronx County, rendered on March 7, 1974, convicting defendant after trial before Drohan, J., and a jury, of the crimes of robbery in the second degree, three counts of robbery in the third degree and attempted robbery in the third degree, modified, on the law, to the extent of remanding this matter for resentencing, in accordance with section 70.00 (subd 3, par [b]) of the Penal Law and otherwise affirmed. This defendant was charged with robbing the same individual, at the latter's small grocery store, on four different occasions. In view of the repetition of defendant's acts the subject premises were staked out and, when defendant returned thereto, he was seized. We agree with our

dissenting colleague that the Trial Justice erred in failing to charge in accordance with CPL 300.10 (subd 2). We cannot understand why it was not done. The majority agrees that, under ordinary circumstances, this error might well have called for reversal. However, in view of the clear and convincing proof of defendant's guilt, the conviction should not be disturbed. In arriving at this conclusion we rely on the cases of *Chapman v California* (386 US 18) and *People v Crimmins* (36 NY2d 230). In the last-cited case the prosecutor, in summation, commented on the defendant's failure to testify in her own behalf. In the court's opinion we find the following (p 237): "All of the members of the court agree that such error calls for reversal and a new trial unless it was harmless under the test for harmless constitutional error laid down by the Supreme Court of the United States, namely, that there is no reasonable possibility that the error might have contributed to defendant's conviction and that it was thus harmless beyond a reasonable doubt". Applying this reasoning to the case at Bar, we are convinced that there is no reasonable possibility that the verdict of the jury would have been different if the error had not occurred. Therefore, the conviction should stand. We believe that the trial court failed to specifically articulate its reason for imposing a minimum sentence herein, as required by the Penal Law and, for that reason, we are remanding this matter for the purposes of resentencing only. Concur—Markewich, J. P., Lupiano and Capozzoli, JJ.; Kupferman, J., dissents in part in a memorandum and Birns, J., dissents in a memorandum, as follows: Kupferman, J. (dissenting in part). I would affirm. To the extent that there is any basis for reversal, it is well articulated in the dissent by my colleague, Birns, J. However, the court did charge that the defendant is at all times presumed innocent, and that the burden is upon the People to establish guilt beyond a reasonable doubt, and further that the "defendant is under no obligation to present any evidence." In view of the overwhelming evidence of the defendant's guilt, the failure to charge in accordance with CPL 300.10 (subd 2), in this instance, does not mandate reversal. The requirement for articulation of the basis for imposing a minimum sentence (Penal Law, § 70.00, subd 3, par [b]), in this situation should receive short shrift. There was no mystery about the reasons for the stated minimum of five years as part of a 5- to 15-year sentence on the highest charge, with lesser concurrent sentences on the remaining convictions. *(People v Burke,* 39 NY2d 729; *People v Esteves,* 51 AD2d 901.) Birns, J. (dissenting). I dissent from the affirmation of the judgment of conviction herein, not because of insufficiency of evidence (the evidence in fact supports the jury's verdict), but because the trial court ignored a command of the Legislature. Our CPL 300.10 (subd 2) declares: "Upon request of a defendant who did not testify in his own behalf, but not otherwise, the court *must* state that the fact that he did not testify is not a factor from which any inference unfavorable to the defendant may be drawn." (Emphasis added.) In this case, the defendant chose not to testify, and his counsel timely requested that the court charge the jury as provided in the said section. The court failed to comply with counsel's request, to which appropriate exception was made. It is no answer now, to assert, as the District Attorney does, that although the court was in error, that the defendant was not prejudiced by such omission. If that were a permissible option, i.e., that this provision of our Criminal Procedure Law is to be used only where the evidence was not overwhelming, the statute would contain permissive rather than mandatory language. The direction to charge this specific language, where a proper request is made, is no less obligatory than preceding provisions in the same section which read, "the court *must* state the fundamental legal principles

applicable to criminal cases in general. Such principles include * * * the presumption of the defendant's innocence, the requirement that guilt be proved beyond a reasonable doubt and that the jury may not, in determining the issue of guilt or innocence, consider or speculate concerning matters relating to sentence or punishment." (Emphasis added.) Certainly, no trial court could escape appellate censure for failure to inform a jury of the presumption of innocence, or that the guilt of a defendant be proved beyond a reasonable doubt. Accordingly, it is difficult to accept a judicial view that the word "must" in one sentence of the section of the Criminal Procedure Law under consideration, has a different meaning than the word "must" in another sentence in the same section. I cannot doubt that at each of its different places in the section, the word "must" must mean "must." In *People v Mulligan* (40 AD2d 165), this court found in the circumstances therein that the failure to charge CPL 300.10 was harmless error. But this court did observe: "Although the language of the statute would seem to leave no discretion to the trial court, the prejudicial effect of giving or failing to give the charge is still debated among Bench and Bar. (Cf. *United States v Garguilo,* 310 F2d 249, 252.)" *(Mulligan, supra,* p 168.) The debate should now be ended by attributing to language its obvious meaning. Defendant was entitled to the instruction requested as a matter of law and not as a matter of fact.