Ann T. Mikoll, J.
Defendant moves by way of show cause for a declaratory judgment declaring that the granting of parole by Virginia authorities is binding upon New York parole authorities; for an order withdrawing any commitment warrant or detainer; for an order requiring New York correction authorities to reinstate its previous approval of parole supervision; and for an order requiring that the Erie County Sheriffs Department pursue said commitment warrant by transporting the defendant from Virginia to New York. In the alternative, defendant requests an order modifying or setting aside the defendant’s New York sentence in the interests of justice.
On November 6, 1975, the defendant entered a plea of guilty before this court to unlawful coercion, a class D felony, in full satisfaction of all charges then pending against him. At that time, during plea negotiations, considerable discussion was had regarding whether the defendant would receive a sentence concurrent with a 15-year Virginia sentence he was presently serving and how much credit for time served the defendant would receive.
The defendant’s attorney alleges that it was her understanding that if the defendant pleaded guilty and received a concurrent sentence, he would be entitled to three to four years subtracted from his sentence which he had already served in Virginia.
*304 The defendant was sentenced to zero to four years to run concurrently with the 15-year Virginia sentence that the defendant was serving. The defendant had served approximately three years of that sentence. The defendant had been approved for parole by the Virginia authorities and the New York State Department of Correctional Services had approved parole supervision in New York pursuant to section 224 of the Correction Law because the defendant wished to return to New York. That approval was subsequently withdrawn and a detainer based on the court sentence was filed with the Virginia authorities directing the defendant’s return to New York.
The first question before this court is whether Virginia’s parole decision is binding upon New York authorities because of the fact that the defendant was given a concurrent sentence.
Prior to amendment in 1975 a sentence of imprisonment in New York of a defendant subject to an undischarged sentence in another State meant that the New York imprisonment time did not begin until the defendant was discharged from the sister State term. (See Hechtman, Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 70.20, 1975-1976 Supplement, p 18.) However, section 70.25 of the Penal Law now authorizes a sentence imposed by a New York court to run concurrently with a sentence imposed at a previous time by a court of a sister State. The pertinent sections of the Penal Law governing concurrent sentences of this type became effective in September, 1975 and include Penal Law sections 70.20 (subd 3), 70.25 (subd 4) and 70.30 (subd 2-a).
Subdivision 3 of section 70.20 in part states as follows: "Undischarged imprisonment in other jurisdiction. When a defendant who is subject to an undischarged term of imprisonment, imposed at a previous time by a court of another jurisdiction, is sentenced to an additional term or terms of imprisonment by a court of this state to run concurrently with such undischarged term, as provided in subdivision four of section 70.25, the return of the defendant to the custody of the appropriate official of the other jurisdiction shall be deemed a commitment for such portion of the term or terms of the sentence imposed by the court of this state as shall not exceed the said undischarged term. The defendant shall be committed to the custody of the state department of correction if the *305 additional term or terms are indeterminate or to the appropriate county or regional correctional institution if the said term or terms are definite for such portion of the term or terms of the sentence imposed as shall exceed such undischarged term or until released in accordance with law”.
That section clearly states that the defendant shall be returned to the custody of the New York Department of Correction if the defendant’s New York sentence exceeds the term of the Virginia sentence so that the defendant may serve the balance of the New York term or until released in accordance with law. When the time to be served on the New York sentence is the greatest, it is reasonable that the defendant be returned to New York to serve the remainder of the term.
The section does not speak of the converse situation where a defendant is sentenced to a maximum term of four years in New York State and the previous undischarged sentence in a sister State is greater than that maximum. Logic seems to impel the conclusion that by fulfilling the greater term of the sister State, the New York sentence would automatically be satisfied.
Subdivision 2-a of section 70.30 of the Penal Law addresses the calculation of terms of imprisonment when there is an undischarged term of imprisonment imposed at a previous time by a sister State. The last sentence of that section states that "the term or terms of such imprisonment shall be calculated and such other pertinent provisions of this section applied in the same manner as where a person is under more than one sentence in this state as provided in this section.”
From this wording it is unmistakably clear that the Legislature intended the procedure on concurrent terms to be the same whether both sentencings occurred in New York or whether one arose in New York, and the other in another jurisdiction. The calculation of terms on concurrent sentences, therefore, is determined by the language found in Penal Law section 70.30 (subd 1, par [a]). That section in part reads as follows:
"§ 70.30 Calculation of terms of imprisonment
"1. Indeterminate sentences * * * where a person is under more than one indeterminate sentence, the sentences shall be calculated as follows:
"(a) If the sentences run concurrently, the time served under imprisonment on any of the sentences shall be credited *306 against the minimum periods of all the concurrent sentences, and the maximum terms merge in and are satisfied by discharge of the term which has the longest unexpired time to run”.
The plain language of the statute is that shorter terms merge into longer sentences and, for purposes of determining the minimum term to be served before the parole board can act, the defendant is credited with time served under imprisonment on any of the sentences.
It was the contemplation of this court that when the defendant was sentenced to a concurrent term, he was given up to the Virginia authorities to serve that term. Once the minimum period of imprisonment had been satisfied under New York law, where, by law, the shorter sentence merges in the longer one, parole should be left to the applicable rules of the correction board of the State where said longer term is being served. The defendant having been committed to the Virginia facility to serve his time, the New York Department of Correction should have no superior control over his parole. To deal with the defendant otherwise would result in a frustration of the court’s intention to impose a concurrent term.
It should be noted that while on parole, a defendant is still serving his sentence and parole is simply permission for the defendant to be serving that time at large under certain restrictions as opposed to confinement. (Matter of Menechino v Division of Parole, N. Y. City, 32 AD2d 761, affd 26 NY2d 837; People v Santos, 31 AD2d 508, affd 25 NY2d 976, cert den 397 US 969.) If the Virginia Parole Board has determined that despite the additional concurrent sentence there is a reasonable probability that the defendant can live at liberty without violating the law, the New York Department of Correction should have no greater interest.
Under section 224 of the Correction Law, it is permissible for a State to consent to supervise a parolee from another State. That section states in part:
"(1) That it shall be competent for the duly constituted judicial and administrative authorities of a state party to this compact (herein called 'sending state’) to permit any person convicted of an offense within such state and placed on probation; or released on parole to reside in any other state party to this compact (herein called 'receiving state’) while on probation or parole, if
"(a) Such person is in fact a resident of or has his family *307 residing within the receiving state and can obtain employment there;
"(b) Though not a resident of the receiving state and not having his family residing there, the receiving state consents to such person being sent there.
"Before granting such permission, opportunity shall be granted to the receiving state to investigate the home and prospective employment of such person.
"A resident of the receiving state, within the meaning of this section, is one who has been an actual inhabitant of such state continuously for more than one year prior to his coming to the sending state and has not resided within the sending state more than six continuous months immediately preceding the commission of the offense for which he has been convicted.”
Subdivision (2) of section 224 provides that the Board of Parole shall have the power to promulgate rules and regulations necessary to carry out the terms of the compact and there is nothing in the compact to compel a State to receive a parolee. Such consent must therefore be within the sound discretion of the administrative authorities. There is, therefore, no basis upon which this court may compel that consent be given to the defendant to return to New York for his probationary period.
Wherefore, any detainers filed in Virginia for the purposes of returning the defendant to New York to be incarcerated as a result of this court’s sentence are vacated. The defendant’s motion is denied in all other respects.