■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BUNCHE, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES McGHEE, Appellant.—Judgments, Supreme Court, New York County, rendered July 15, 1974, convicting defendants after a jury trial, of the crimes of robbery in first and second degrees, grand larceny in the third degree and possession of a weapon, unanimously modified, on the law, to the extent of reversing the convictions on the grand larceny and possession counts and dismissing those counts in the indictments, and, as so modified, the judgments are affirmed. We find, as the District Attorney candidly concedes, that the convictions on the grand larceny and weapons counts must be dismissed as inclusory, concurrent counts of the robbery convictions *(People v Mitchell,* 50 AD2d 524). We have examined the other points raised by the defendants and have found them to be without merit. Concur—Murphy, P. J., Lupiano, Silverman and Capozzoli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD VEREEN, Appellant.—Judgment, Supreme Court, Bronx County, rendered on September 16, 1975, unanimously affirmed. Concur—Kupferman, J. P., Evans and Lane, JJ.; Birns and Capozzoli, JJ., concur in the following memorandum by Birns, J.: We note that the Trial Judge, despite the failure of defense counsel to request the charge, instructed the jury on the failure of the defendant to take the stand. The statutory language indicates that such charge is not to be given, absent request of the defendant (CPL 300.10, subd 2). However, courts that have considered this precise issue have declined to regard such a charge as prejudicial error. (See, e.g., *People v Mulligan,* 40 AD2d 165; cf. *United States v Garguilo,* 310 F2d 249, 252; *People v Garcia,* 51 AD2d 329, affd 41 NY2d 861, Fuchsberg, J., dissenting.) Although we have previously expressed dissent from such conclusion *(People v Garcia, supra)*, nevertheless, we are constrained to vote for affirmance. (See, also, *People v Britt,* 52 AD2d 811, mot for lv to app granted.) Birns, J., dissenting.)