■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRVINE BROWNE, Appellant.—Judgment, Supreme Court, New York County, rendered June 5, 1975, after a bench trial, convicting defendant of attempted murder, second degree; two counts of robbery, first degree; one count of grand larceny, second degree; three counts of criminal possession of a weapon, third degree; and various other crimes; and sentencing defendant to concurrent terms of 8⅓ to 25 years for attempted murder, second degree; and robbery, first degree; and to lesser concurrent terms upon the remaining counts, unanimously modified, on the law, to dismiss the three counts of robbery, second degree; two counts of grand larceny, third degree; the count

of criminal possession of a weapon, second degree; two counts of criminal possession of a weapon, third degree; the count of attempted assault in the first degree; and two counts of assault, second degree; and otherwise affirmed. On the facts of this case defendant could not have committed robbery with a deadly weapon as an accessory (Penal Law, § 160.15, subd 2) without by the same conduct committing robbery in the second degree (Penal Law, § 160.10, subd 1, robbery aided by another), grand larceny in the third degree (Penal Law, § 155.30, subd 5, larceny from the person), criminal possession of a weapon, second degree (Penal Law, § 265.03, possession of a loaded firearm with intention to use against another) and criminal possession of a weapon in the third degree (Penal Law, § 265.02, subd [4], possession of a loaded firearm). Similarly, he could not have committed attempted murder in the second degree without committing attempted assault in the first degree (Penal Law, §§ 110.00, 120.10, subd 4), robbery in the second degree (Penal Law, § 160.10, subd 2, par [a], causing injury), and assault in the second degree (Penal Law, § 120.05, subds 2, 6). Accordingly, robbery in the second degree (Penal Law, § 160.10, subds 1, 2, par [a]), grand larceny in the third degree (Penal Law, § 155.30, subd 5), criminal possession of a weapon in the third degree (Penal Law, § 265.02, subd [4]), attempted assault in the first degree (Penal Law, §§ 110.00, 120,10, subd 4), and assault in the second degree (Penal Law, § 120.05, subds 2, 6) are lesser included offenses of robbery in the first degree (Penal Law, § 160.15, subd 2), and attempted murder in the second degree respectively. (CPL 1.20, subd 37; *People v Acevedo,* 40 NY2d 701; *People v Stanfield,* 36 NY2d 467.) Appellant's conviction of robbery in the first degree and attempted murder in the second degree respectively is therefore deemed a dismissal of such other counts (CPL 300.30, subd 4; 300.40, subd 3, par [b]), so that appellant's convictions on such counts should be reversed and the counts dismissed. *(People v Grier,* 37 NY2d 847; *People v Acevedo, supra; People v Mitchell,* 50 AD2d 524.) Both grand larceny in the second degree (Penal Law, § 155.35, theft of over $1,500) and criminal possession of a weapon in the third degree (Penal Law, § 265.02, subd [1], possession of a dangerous instrument [tongs] with intent to use them unlawfully, after a prior conviction), of which defendant was also convicted, include elements not included in either robbery in the first degree (Penal Law, § 160.15, subd 2), or attempted murder with a gun used by the other robber. Since neither of these counts is included in robbery in the first degree or attempted murder, defendant's convictions on these counts must stand. We have examined the other points raised by defendant and find them to be without merit. Concur—Kupferman, J. P., Fein, Lane, Sandler and Sullivan, JJ.