Fuchsberg, J.
(dissenting). It can hardly be disputed that CPL 300.10 (subd 2) is both a recognition of and an attempt to deal with the sensitive problem that a defendant in a criminal case faces when he chooses not to take the stand. Though no unfavorable inferences are to flow from the exercise of that constitutional privilege (cf. Brooks v Tennessee, 406 US 605; Griffin v California, 380 US 609), failure to recognize that that ideal is seldom achieved would be to ignore reality.
Whether to give or not to give a "no inference” charge in order to attempt to eradicate a lurking adverse inference has long been an unanswerable question (see People v Britt, 52 AD2d 811, 813 [Birns, J., dissenting], revd 43 NY2d 111; 18 ALR3d 1335). Experienced Judges and lawyers know that one course or the other will not necessarily quell whatever degree of prejudice may exist, but, depending on the circumstances of a particular case, indeed may heighten it.
Confronted with this dilemma, the defendant — the person directly affected — should be the only one empowered to make the tactical decision as to whether a trial court should of should not deliver a "no inference” instruction (see Lakeside v Oregon, 435 US 333, 342 [Stevens, J., dissenting]; Gross v State, 261 Ind 489; Russell v State, 240 Ark 97; People v Molano, 253 Cal App 2d 841).
Section 300.10 (subd 2), deliberately worded in terms of responsiveness to a defendant’s request alone, is a vigorous statement consonant with this view. By conditioning the "no inference” charge on a defendant’s request "but not otherwise”, the statute implies the converse as well: not only must the Trial Judge give the charge when a defendant asks for it, but he is not to do so when a defendant fails to so request, usually for fear that spotlighting his failure to testify will cause the jury to believe he has something to hide.
And now a word as to harmless error. I fail to see why, when a refusal to give a "no inference” charge over a defendant’s request is authoritatively regarded as reversible error (People v Britt, 52 AD2d 811, supra), the converse situation *859 which we face here can be characterized as harmless (People v Mulligan, 40 AD2d 165). How can it be said that the statutory mandate has been more obviously violated or that the judicial interference with the defendant’s trial strategy is of greater dimension in the one case than it is in the other?
I would, therefore, vote to reverse and order a new trial.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Cooke concur in memorandum; Judge Fuchs-berg dissents and votes to reverse in a separate opinion.
Order affirmed.