### (January 18, 1979)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACKIE YOPP, Appellant.—Appeal from a judgment of the County Court of Greene County, rendered December 27, 1977, upon a verdict convicting defendant of the crime of assault in the second degree. While defendant was confined to the Coxsackie Vocational Institute, a facility under the jurisdiction of the Department of Correctional Services, he and his codefendant, one Prince Brannon, were charged with assaulting a correction officer. The incident that provided the basis for this charge occurred in a recreation room at the facility on January 19, 1977. Brannon pleaded guilty prior to defendant's trial, but did not testify at that trial. Several correction officers testified to defendant's participation in the assault while several inmates testified to his noninvolvement. The jury resolved the resulting question of credibility in favor of the People and there is sufficient evidence to sustain that finding beyond a reasonable doubt. In our view, however, there were certain trial errors of such substance that defendant was deprived of a fair trial. First, when one of the People's witnesses, a former inmate present at the time of the incident in question and who had previously testified extensively before the Grand Jury, could not be produced, the prosecutor asked for a continuation. The court, in the presence of the jury, inquired if the testimony of that witness would add anything or just be repetitive. In response, the prosecutor stated: "It is my opinion, Your Honor, from the nature of the Grand Jury record that the testimony would be accumulative." Such a statement clearly

casts the prosecutor in the role of an unsworn witness offering testimony not subject to cross-examination. Second, the court improperly limited the defendant's proof by failing to permit testimony from a correctional counselor who admittedly was not present on the date of the incident but who had conducted an investigation of it. Finally, the court in its charge to the jury referred to the defendant's failure to testify on his own behalf and cautioned the jury not to draw any inference from that. Since such a charge was not requested, this was error (CPL 300.10, subd 2) which might be considered harmless if standing alone *(People v Vereen,* 57 AD2d 768). However, under the circumstances of this case and after considering other errors and the record in its entirety, we believe the cumulative effect is such that the defendant was deprived of his fundamental right to a fair trial. Judgment reversed, on the law, and a new trial ordered. Mahoney, P. J., Greenblott, Sweeney, Kane and Mikoll, JJ., concur.