OPINION OF THE COURT
Loren N. Brown, J.
By writ of habeas corpus, dated July 5, 1979, the defendant requests that jail time served as a result of a partially served previous determinate sentence be credited against a subsequent indeterminate sentence now being served.
The defendant, while on probation for the felony of driving while intoxicated, was incarcerated for the definite sentence of one year from December, 1976, until April, 1977, in connection with the unrelated charges of obstruction of governmental administration and resisting arrest. He was released on bail for the latter matters in April of 1977 pending an appeal of the convictions. On March 10, 1977, the defendant was sentenced for a probation violation of the earlier matter to an indeterminate sentence not to exceed three years in a State correctional facility.
The court is sympathetic to the defendant’s request but is compelled to deny it. Unlike a case where a defendant receives more than one indeterminate sentence (Penal Law, *287 § 70.30, subd 1, par [a]), or where he receives one or more definite sentences (Penal Law, § 70.30, subd 2), there is no provision in the law for the crediting of time served under a previous definite sentence to a subsequently imposed indeterminate sentence. If the Legislature intended such crediting, it could have so provided.
The court notes that the commentary to section 70.35 of the Penal Law (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 70.35, p 262), concerning the merger of certain definite and indeterminate sentences, states specifically that "[n]o credit is granted against either sentence for time served under the other.” The defendant has shown the court no authority contrary to the opinion of the commentary writer.
Accordingly, the defendant’s motion is, in all respects, denied.