**Eddie Lee GORDON, Plaintiff,**

v.

**Officer WATLEY, Officer Witsell, Thomas Coughlin, III, Superintendent Harold J. Smith, Superintendent Wilson E.J. Walters, and John and/or Jane Does Nos. 1–20, Defendants.**

No. 81 Civ. 5677 (MEL).

United States District Court,
S.D. New York.

Feb. 7, 1985.

---

Simpson, Thacher & Bartlett, New York City, for plaintiff; Mark G. Cunha, ESQ. Pamela L. Weisberg, New York City, of counsel.

Edward G. McCabe, County Atty. of Nassau County, Mineola, N.Y., for defendants Watley and Witsell; Peter B. Skelos, Deputy Co. Atty., Mineola, of counsel.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City, for defendants Coughlin, Smith and Walters; Stanley A.

Camhi, Lillian Z. Cohen, Asst. Attys. Gen., New York City, of counsel.

LASKER, District Judge.

I

Plaintiff, Eddie Lee Gordon, sues under 42 U.S.C. § 1983 alleging deprivation of his rights under the Fourth, Eighth and Fourteenth Amendments, and under the common law of New York.

On March 6, 1979 Gordon was sentenced in Grady County, Cairo, Georgia, to confinement for a term of ten years for burglary. Under the terms of the sentencing order, Gordon had to serve four years in prison and six years on probation. On May 2, 1979 Gordon was indicted in Nassau County, New York for an unrelated offense of attempted robbery in the second degree. Gordon traveled to New York for adjudication of that offense, and on September 13, 1979 he was sentenced by Judge Baker to an indeterminate sentence of "none" to five years to run concurrently with the ten-year sentence previously imposed in Georgia.

On September 6, 1979 Gordon was returned to custody in Georgia to continue serving his sentence. Nassau County subsequently filed a detainer with Georgia so that New York would be notified if Gordon were released by the Georgia officials before completion of the minimum New York sentence.

Gordon completed two of the four-year prison portions of his Georgia sentence on March 6, 1981 and was paroled. Georgia officials, acting pursuant to the detainer filed by Nassau County, notified Nassau County officials of plaintiff's impending release. Two Nassau County correctional officers, Watley and Witsell, met Gordon at the Georgia facility and arrested and transported him back to New York. In New York, he was incarcerated at Ossining Correctional Facility and later transferred to Attica Correctional Facility. Gordon met with the New York parole board on May 12, 1981 and again on August 5, 1981 at

which time he was granted parole effective on or after October 14, 1981. In sum, he was incarcerated in New York for a period of almost eight months.

Gordon subsequently brought this action naming as defendants Officers Watley and Witsell (hereafter, the "Nassau defendants") as well as Thomas Coughlin, III, Commissioner of the New York State Department of Correctional Services, Harold J. Smith, Superintendent of the Attica Correctional Facility, Wilson E.J. Walters, Superintendent of the Ossining Correctional Facility, John and/or Jane Does Nos. 1–10 who were employed by the State of New York within the Department of Corrections, the Attica facility, or the Ossining facility, and who took part in the seizure, arrest and detention, and John and/or Jane Does Nos. 11–20, who served on the parole board (hereafter, the "state defendants").

Three motions are before the court.[1]

1. The state defendants move (A) to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) Gordon's state law claims and the Nassau defendants' cross-claim, and (B) to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. The Nassau defendants move for summary judgment on the ground that they acted in good faith and pursuant to a lawful detainer warrant.

3. Plaintiff moves for leave to file a second amended complaint to add as defendants Nassau County and Lieutenant McGuire, a correctional officer employed by Nassau County.

For the reasons set forth below, the state defendants' motion to dismiss is granted in part and denied in part; the Nassau defendants' motion for summary judgment is denied; and plaintiff's motion for leave to file a second amended complaint is granted in part and denied in part.

---

1. The state defendants' motion to dismiss is a renewal of a prior motion filed by defendant Coughlin on December 10, 1982. The Nassau defendants' motion is also a renewal of the motion previously filed on December 15, 1982.

## II
### THE STATE DEFENDANTS' MOTION TO DISMISS

#### A. *Pennhurst v. Haldermann*

The state defendants move to dismiss Gordon's pendent state claims on the ground that they are barred by the Eleventh Amendment as recently interpreted by the Supreme Court in *Pennhurst State School and Hospital v. Haldermann,* —— U.S. ——, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). They argue that Gordon is suing each of the state defendants only in their official capacity, that his claims are accordingly asserted against New York State itself for an alleged violation of state law, and that *Pennhurst* bars these claims, "regardless of the nature of the relief sought." [2] Gordon contends that *Pennhurst* does not apply because that case was confined to the issue of whether a federal court may award injunctive relief against state officials on the basis of state law. *See id.,* 104 S.Ct. at 903. He asserts that in this case, by way of contrast, only damages are sought against certain state and local officials based upon their tortious and unconstitutional conduct. In addition, Gordon argues that his state claims should be heard along with his federal claims for reasons of fairness, judicial economy and efficiency.

We agree with Judge Sofaer, who faced a similar issue, that:

> *Pennhurst* holds that when the Eleventh Amendment bars federal causes of action which could otherwise be brought in federal court, it bars pendent claims as well. The [Supreme] Court made two findings in *Pennhurst* that are germane to this case. First, it found that the federal claims involved 'a suit against the State itself.' *Id.* [, 104 S.Ct.] at 908; *see id.* [104 S.Ct.] at 909–17. Thus they were barred by the Eleventh Amendment. Second, it held that 'the explicit limitation on federal jurisdiction contained in the Eleventh Amendment' overrode the 'judge-made doctrine [of pendent jurisdiction] inferred from the general language of Art. III.' *Id.* [104 S.Ct.] at 917, *see id.* [104 S.Ct.] at 917–919.

*Morrison v. Lefevre,* 592 F.Supp. 1052, 1081 (S.D.N.Y.1984).

 In this case, unlike *Morrison,* New York State is the real party in interest because the individual state defendants are sued only in their official capacity. As a result, the Eleventh Amendment bars this court from exercising pendent jurisdiction over Gordon's state law claims. This is not a case in which the individual state defendants "acted against both state and federal law and outside of their authority." *Id.* at 1081, *citing, Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 462–64, 65 S.Ct. 347, 349–51, 89 L.Ed. 389 (1945).

Accordingly, the motion to dismiss the pendent state law claims asserted against the state defendants is granted.[3] The state defendants also rely upon *Pennhurst* to dismiss the cross-claims asserted against them by the Nassau defendants. The Nassau defendants have not answered this motion and it is granted on default.

#### B. *Failure to State a Claim*

 The state defendants also move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Gordon's complaint for failure to state a claim upon which relief can be granted. Both Gordon and the state defendants have presented facts and documentary proof outside the pleadings. Ac-

---

**2.** *Quoting, id.,* 104 S.Ct. at 908.

**3.** The state defendants also argue that the claims asserted against unnamed state employees, John and/or Jane Does Nos. 1–20, should be dismissed without prejudice because personal jurisdiction is lacking as to these defendants. Gordon responds that he has used the "John and/or Jane Doe" designation in order to reflect the existence of as yet unnamed parties, and that only after the identities and actual involvement of these individuals are obtained through the formal discovery process can a decision be made as to whether they should be dismissed from the case. The claims against the unnamed defendants are dismissed without prejudice. In the event that Gordon wishes to move to add unnamed defendants he shall provide within 30 days an affidavit stating his good faith reasons for believing that additional unnamed defendants are liable for the alleged wrongs.

cordingly, the present motion is decided as one for summary judgment pursuant to Rule 56(b).[4]

■ The state defendants' arguments on this motion can essentially be reduced to a claim that nothing on the face of the commitment order suggests that Gordon is not subject to confinement in New York and that their actions were therefore valid and in accordance with New York law.[5] Moreover, although Gordon alleges that defendant Coughlin caused his imprisonment in New York, defendants contend that there was no personal involvement by Coughlin.

Gordon argues, however, that because his New York sentence ran concurrently with his Georgia sentence, his sentence for the New York offense was fully satisfied by discharge of the sentence for the Georgia offense and that defendants therefore violated his constitutional rights by imprisoning him in New York. He disputes the facial validity of the commitment order authorizing his arrest and detention, and claims that on its face the order barred imprisonment in New York because it stated that the New York sentence was concurrent with the Georgia sentence.

Gordon contends further that Judge Baker's use of the word "none" has been interpreted by state and Nassau County officials to mean a zero minimum sentence, and submits as exhibits the receiving blotter used by the Department of Correctional Services on which "none" is interpreted as "O-O-O with Georgia sentence," as well as a November 10, 1980 letter to Nassau County from the Coordinator of Inmate Movement of the New York Department of Correctional Services which states plaintiff's sentence as "O/5".

The discussion above makes plain that significant controverted issues still lurk in the case. Not only is the intent of the sentencing judge still unclear from the evidence presented, but also Gordon disputes the facial validity of the commitment order and claims that defendants should have known that the order on its face barred imprisonment in New York.

The state defendants' motion is therefore denied without prejudice to renewal on an amplified record.

### III

### THE NASSAU DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

■ The Nassau defendants move for summary judgment on the ground that they acted in good faith. They argue that the validity of Gordon's extradition was a matter for judicial determination. They also contend that Gordon has shown no constitutional deprivation through unconstitutional conduct, as they assert is required by *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), because the Nassau County order of commitment filed as a detainer in Georgia was facially valid. Moreover, the Nassau defendants argue that even if Gordon proves his allegations, the conduct complained of does not rise to the level of "deliberate indifference" as is required under *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

The motion is denied. Gordon has adequately pleaded a claim under Section 1983. *See Monell v. Department of Social Services*, 436 U.S. 658, 690–691, 98 S.Ct. 2018, 2035–2036, 56 L.Ed.2d 611 (1978); *Fine v. City of New York*, 529 F.2d 70, 73 (2d

---

**4.** In accordance with Rule 56, the parties were given 15 days notice of conversion of the Rule 12(b)(6) motion in order to allow them to present additional relevant materials. *See Mayer v. Oil Field Systems Corp.*, 721 F.2d 59, 63 (2d Cir.1983). No additional materials were submitted.

**5.** Defendants assert that Gordon was paroled to the Nassau detainer and since he had not yet completed the required two-thirds of the sentence imposed in New York, he was not eligible

for release under New York Correction Law § 803(1) (McKinney Supp. 1983–84). In support of this contention, defendants argue that Gordon was sentenced under a class D felony for which the minimum period of imprisonment for an indeterminate sentence is at least one year. *See* New York Penal Law § 70.00(3) (McKinney Supp. 1983–84). The defendants threfore interpret the sentencing order which states the minimum sentence as "none" to mean that no minimum was imposed.

Cir.1975). He has alleged a constitutional violation accomplished through unconstitutional conduct. Specifically, Gordon claims violations of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments and facts sufficient to establish that defendants acted under color of state law.

The Nassau defendants' mere claim of good faith is insufficient to justify a grant of summary judgment. In *Bivens v. Six Unknown Named Agents*, the Court of Appeals for the Second Circuit held that the defendant must "allege and prove not only that he believed, in good faith, that his conduct was lawful, but also that his belief was reasonable." *Id.*, 456 F.2d 1339, 1348 (2d Cir.1972). At this stage of the proceedings defendants have not met this burden.

The Nassau defendants' motion for summary judgment is denied without prejudice to renewal on a sufficient record.

## IV

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Plaintiff moves to amend the complaint to add as defendants Nassau County and Lieutenant McGuire, a correctional officer employed by Nassau County. Nassau County opposes the motion to add Lieutenant McGuire but does not oppose addition of itself as a party defendant.

■ Nassau County opposes the motion as to McGuire on the ground that the three-year statute of limitations has run as to him. The statute of limitations in this case for actions brought pursuant to 42 U.S.C. § 1983 is three years. *See Board of Regents v. Tomanio*, 446 U.S. 478, 483–484, 100 S.Ct. 1790, 1794–1795, 64 L.Ed.2d 440 (1980); *Pauk v. Board of Trustees*, 654 F.2d 856, 861 (2d Cir.1981), *cert. denied*, 445 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982) (three-year statute of limitations of New York CPLR § 214(2) governs the limitations period for Section 1983 claims brought in this state).

Although Gordon's motion to amend the complaint was filed on June 1, 1984, more than three years after the cause of action accrued, he contends that the doctrine of relation back of amendments under Federal Rule of Civil Procedure 15(c) bars application of the statute of limitations since the amendment relates back to the date of the original pleading.

■ Gordon's reliance on the doctrine is misplaced. For an amendment to a complaint to relate back, a plaintiff must meet the three conditions stated in Rule 15(c), among them that the claim stated in the amendment must arise from the same conduct or occurrence as was asserted in the original pleading. In essence, Gordon's claim against McGuire is that he unconstitutionally filed the detainer warrant. Nothing in the original pleading speaks to the unconstitutionality of filing the detainer. Gordon alleged unconstitutional arrest and detention in the complaint. A claim that the detainer was improperly filed is a separate though related cause of action to which the misnomer exception of Rule 15(c) does not apply. *See Marlow v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir.1973).

■ In contrast, Gordon's motion to add Nassau County as a defendant meets all of the prerequisites of the rule of relation back. The claim against Nassau is the same as that already pleaded. Indeed, Gordon alleges only that Nassau County gave official approval to the acts alleged in the complaint. In addition, Nassau County has been actively engaged in the defense of officers Watley and Witsell and can clearly be said to have had actual notice of the suit. Finally, Nassau County knew or should have known that but for Gordon's misidentification of the ultimate target of blame, that is Nassau County's official policy, Nassau County would have been named in the original complaint. Significantly, Nassau County has not opposed addition of itself and may therefore be said to have impliedly consented to being joined as a party.

The motion of defendants Coughlin, Smith, and Wilson to dismiss the amended complaint is granted in part and denied in part. The motion of defendants Watley and Witsell for summary judgment is denied. Plaintiff's motion for leave to file a

second amended complaint to add additional defendants is granted as to Nassau County and denied as to Lieutenant McGuire.

It is so ordered.