Eddie Lee GORDON, Plaintiff,

v.

Officer WATLEY, Officer Witsell, Thomas Coughlin, III, Superintendent Harold J. Smith, Superintendent Wilson E.J. Walters, County of Nassau and John and/or Jane Does Nos. 1–20, Defendants.

No. 81 Civ. 5677 (MEL).

United States District Court, S.D. New York.

Jan. 10, 1986.

---

Simpson Thacher & Bartlett, New York City, for plaintiff; Mark G. Cunha, Pamela L. Weisberg, of counsel.

Edward G. McCabe, Co. Atty. of Nassau County, Mineola, N.Y., for Officer Watley, Officer Witsell, and Nassau County; Michael L. Chartan, Deputy Co. Atty., of counsel.

Robert Abrams, Atty. Gen. of State of N.Y., New York City, for defendants Coughlin, Smith and Walters; Lillian Z. Cohen, Asst. Atty. Gen., of counsel.

LASKER, District Judge.

Eddie Lee Gordon sues pursuant to 42 U.S.C. § 1983 (1982) claiming violation of his rights under the fourth, eighth and fourteenth amendments of the United States Constitution, and pursuant to the common law of New York alleging wrongful arrest, seizure, transportation and imprisonment by Charles Watley, Nathaniel Witsell and Nassau County ("the Nassau defendants"), by Thomas Coughlin III, Harold J. Smith, and Wilson E.J. Walters ("the state defendants") and by John and/or Jane Does Nos. 1–20.

The facts giving rise to this action are set out at 601 F.Supp. 1512 (S.D.N.Y.1985). In 1981 Gordon was in Georgia serving concurrent New York and Georgia sentences. The Georgia sentence was a ten-year sentence which required Gordon to serve a maximum of four years in prison and the balance on probation. The New York sentence was an indeterminate sentence with a maximum of five years, to run concurrently with the Georgia sentence. On March 6, 1981, the day Gordon was paroled in Georgia pursuant to the Georgia sentence (under which he had served two years), Watley and Witsell, in their capacities as Nassau County correctional officers, arrested Gordon and transported him to New York. The Nassau defendants acted according to a commitment order that Nassau County had filed with Georgia prison officials as a detainer to ensure that New York would be notified if Gordon were released prior to completing the minimum period of imprisonment on the New York sentence.

Once in New York State, Gordon was incarcerated for approximately eight months pursuant to the New York commitment order, which stated on its face that he had received an indeterminate sentence of "none" to five years to run concurrently with the Georgia sentence. Gordon met with the New York Parole Board on May 12, 1981, and again on August 5, 1981, at which time he was granted parole effective on or after October 14, 1981. He was released on October 26, 1981 because he had reached his conditional release date.

After Gordon filed this action, the state defendants moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a legally sufficient claim. The motion was treated as a motion for summary judgment and was denied without prejudice to renewal on an amplified record because significant issues of fact were unresolved, including: the intention of the sentencing judge as to the minimum sentence imposed, the facial validity of the commitment order, and whether the defendants "should have known that the [commitment] order on its face barred imprisonment in New York." *Gordon v. Watley*, 601 F.Supp. 1512, 1516 (S.D.N.Y.1985).[1] The Nassau defendants

---

1. The state law claims asserted against the state defendants were dismissed pursuant to Fed.R.

Civ.P. 12(b)(1) for lack of subject matter jurisdiction on the ground that they were barred by

moved for summary judgment on the ground that they acted in good faith. This motion was also denied without prejudice to renewal on a sufficient record. *Id.* at 1517.

Three motions are now before the court: 1) the state defendants' motion to reargue the summary judgment motion;[2] 2) Gordon's motion for partial summary judgment against all defendants on the issue of liability; and 3) the Nassau defendants' cross-motion for summary judgment.

Gordon moves for partial summary judgment against all defendants on the issue of liability. He contends that the basic facts surrounding his seizure, arrest, transportation and imprisonment are uncontested, that his seizure, arrest and imprisonment were unlawful under the sentencing statutes and case law in effect at the time, and that the defendants had a duty to determine that the commitment order they followed was invalid.

The state defendants oppose Gordon's motion and argue that they are entitled to summary judgment on the grounds that Gordon has failed to demonstrate 1) that a material issue of fact exists regarding Gordon's minimum sentence and 2) that the state defendants were precluded from imprisoning Gordon based on the commitment order. Their submissions in opposition to Gordon's motion for partial summary judgment are considered a cross-motion for summary judgment.[3]

The Nassau defendants cross-move for summary judgment on the grounds that 1) Gordon was properly arrested, transported and imprisoned in New York; 2) there is no Section 1983 violation because the commitment order is valid on its face and there is no obligation to go beyond the plain language of a facially valid order; and 3) assuming, *arguendo*, that a Section 1983 violation is found, Watley and Witsell are not liable because they acted in good faith.

The parties agree that a New York sentence may be served in a correctional facility outside New York State when the New York court orders the sentence to run concurrently with a sentence previously imposed by a sister jurisdiction. *See* N.Y.Penal Law §§ 70.25(4), 70.20(3), 70.30(2–a) (McKinney Supp.1984);[4] Hechtman, *Sup-*

---

the eleventh amendment, as recently interpreted by the Supreme Court in *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

2. The state defendants move to reargue the summary judgment motion pursuant to Rule 3(j) of the Civil Rules of the District Court for the Southern District of New York. Because summary judgment is here granted as to all defendants, the motion to reargue the summary judgment motion is moot. Accordingly, the state defendants' motion to reargue is denied.

3. While the state defendants have not formally cross-moved for summary judgment, they have in effect done so inasmuch as they have submitted a memorandum of law and additional affidavits supporting their position. These submissions are therefore properly treated as a cross-motion for summary judgment.

4. Section 70.25(4) provides in relevant part:

When a person, who is subject to any undischarged term of imprisonment imposed at a previous time by a court of another jurisdiction, is sentenced to an additional term or terms of imprisonment by a court of this state, the sentence or sentences imposed by the court of this state, ... shall run either concurrently or consecutively with respect to such undischarged term in such manner as the court directs at the time of sentence. If the court of this state does not specify the manner in which a sentence imposed by it is to run, the sentence or sentences shall run consecutively.

N.Y.Penal Law § 70.25(4) (McKinney Supp. 1984). Section 70.20(3) provides in relevant part:

When a defendant who is subject to an undischarged term of imprisonment, imposed at a previous time by a court of another jurisdiction, is sentenced to an additional term or terms of imprisonment by a court of this state to run concurrently with such undischarged term, as provided in subdivision four of section 70.25, the return of the defendant to the custody of the appropriate official of the other jurisdiction shall be deemed a commitment for such portion of the term or terms of the sentence imposed by the court of this state as shall not exceed the said undischarged term. The defendant shall be committed to the custody of the state department of correctional services if the additional term or terms are indeterminate ... for such portion of the term or terms of the sentence imposed as shall exceed such undischarged term or until released in accordance with law....

*plementary Practice Commentaries 1975* to N.Y.Penal Law § 70.20 (McKinney Supp. 1984) at 226.[5]

Gordon contends that § 70.30(1)(a),[6] as construed in *People v. Thompson*, 87 Misc.2d 302, 384 N.Y.S.2d 974 (Sup.Ct., Erie County 1976), governs the calculation of his sentence. In *Thompson* the defendant was serving a fifteen-year sentence in Virginia when he received a 0–4 sentence in New York to run concurrently with the Virginia sentence. When the Virginia authorities granted Thompson parole, the New York authorities sought to have him returned to New York. Thompson sought a declaratory judgment that the grant of parole by Virginia authorities was binding upon the New York authorities. In granting Thompson's declaratory judgment motion based on its construction of Section 70.30(1)(a), the court stated:

*Once the minimum period of imprisonment had been satisfied under New York law*, where, by law, the shorter sentence merges in the longer one, parole should be left to the applicable rules of the correction board of the state where said longer term is being served. The defendant having been committed to the Virginia facility to serve his time, the New York Department of Correction should have no superior control over his parole.

. . . .

If the Virginia Parole Board has determined that despite the additional concurrent sentence there is a reasonable probability that the defendant can live at liberty without violating the law, the New York Department of Correction should have no greater interest.

*Id.* at 306, 384 N.Y.S.2d at 977–978 (emphasis added). Gordon argues that *Thompson* governs here. He maintains that his shorter New York term merged into his longer Georgia term and that his New York sen-

N.Y.Penal Law § 70.20(3) (McKinney Supp. 1984). Section 70.30(2–a) provides in relevant part:

Where a person who is subject to an undischarged term of imprisonment imposed at a previous time by a court of another jurisdiction is sentenced to an additional term or terms of imprisonment by a court of this state, to run concurrently with such undischarged term, such additional term or terms shall be deemed to commence when the said person is returned to the custody of the appropriate official of such other jurisdiction where the undischarged term of imprisonment is being served.... The term or terms of such imprisonment shall be calculated and such other pertinent provisions of this section applied in the same manner as where a person is under more than one sentence in this state as provided in this section.

N.Y.Penal Law § 70.30(2–a) (McKinney Supp. 1984).

5. Hechtman explains:

Subdivision 3 [of Penal Law § 70.20] was added, in conjunction with new subdivision 4 of § 70.25 and subdivision 2–a of § 70.30 (L.1975, c. 782), to fill what was perceived as a gap in the sentencing structure. Simply stated, the new law authorizes a sentence of imprisonment imposed by a New York court to run concurrently with an undischarged term of a sentence previously imposed by a federal court or by one of a sister state, and to be served in a correctional facility outside New York State. Until now the law that prescribed whether multiple sentences of imprisonment, imposed on a person either at the same time or at different times, were to be served consecutively or concurrently, applied only when all the sentences involved were imposed by New York courts (§§ 70.25(1), 70.30(1). Where a sentence of imprisonment was imposed in a New York conviction, on a defendant who was already subject to an undischarged term of imprisonment in a foreign jurisdiction, the New York sentence, perforce, could not commence running until the undischarged foreign term was completed.

Hechtman, *Supplementary Practice Commentaries 1975* to N.Y.Penal Law § 70.20 (McKinney Supp.1984) at 226.

6. Section 70.30(1)(a) provides:

1. Indeterminate sentences. An indeterminate sentence of imprisonment commences when the prisoner is received in an institution under the jurisdiction of the state department of correctional services. Where a person is under more than one indeterminate sentence, the sentences shall be calculated as follows:

(a) If the sentences run concurrently, the time served under imprisonment on any of the sentences shall be credited against the minimum periods of all the concurrent sentences, and the maximum terms merge in and are satisfied by discharge of the term which has the longest unexpired time to run....

N.Y.Penal Law § 70.30(1)(a) (McKinney Supp. 1984).

tence was satisfied when the Georgia sentence in its entirety was discharged in Georgia. (Memorandum of Plaintiff in Support of Motion for Partial Summary Judgment at 8–9.) Gordon interprets *Thompson* to mean that New York must in this case be considered to have relinquished any jurisdiction it had over Gordon once it sent him back to Georgia to serve out the longer of his concurrent sentences and, that as a result, New York lacked jurisdiction to determine whether Gordon's sentence should be completed in prison, on probation or on parole. (*Id.* at 9.) It follows, according to Gordon, that the Nassau defendants were barred from seizing, arresting and transporting him to New York, and that the state defendants were barred from imprisoning him there.

Gordon emphasizes that this theory of exclusive jurisdiction obviates the need to decide whether the minimum period of imprisonment was set by the sentencing judge at zero years or whether no minimum term was set, with the minimum required by law to be determined by the state board of parole. (Plaintiff's Reply Memorandum of Law in Further Support of Motion for Partial Summary Judgment at 8–9.) He maintains, nonetheless, that Penal Law § 70.00(3)(b) [7] authorized the court to set a minimum of less than one year, and that in this case the court did in fact set a zero year minimum.[8] (*Id.* at 9.)

For the reasons explained below, Gordon's motion for summary judgment is denied and summary judgment is granted as to the state and Nassau defendants.

■ At the time of Gordon's New York sentence, a New York court could either fix the minimum period of imprisonment itself or leave that determination to the state board of parole. *See* N.Y.Penal Law § 70.00(3) (McKinney 1975).[9] In the event that the court fixed the minimum period, it was required to "set forth in the record the reasons for its action." *Id; see People v. Britt*, 52 A.D.2d 811, 383 N.Y.S.2d 602 (1st Dept.1976), *reversed on other grounds*, 43 N.Y.2d 111, 400 N.Y.S.2d 785, 371 N.E.2d 504 (1977). In addition, the minimum period of imprisonment, regardless of whether it was fixed by the court or the parole board, was required to be for at least one year. N.Y.Penal Law § 70.00(3) (McKinney 1975).[10] Based upon the transcript of the sentencing hearing and a letter from the sentencing judge's law secretary in response to an inquiry by Gordon's attorney, it is clear that the court did not exercise its option to fix the minimum period of imprisonment; instead, it left the matter to the determination of the parole board. Moreover, the judge's failure to specify any reasons for setting a minimum and his setting a "none" year minimum, which would both constitute impermissible deviations from the statutory requirement,

---

**7.** Section 70.00(3)(b) provides in relevant part:
    3. Minimum period of imprisonment. The minimum period of imprisonment under an indeterminate sentence shall be at least one year ...:
    . . . .

    (b) Where the sentence is for a ... class D felony ... the court may fix the minimum period. In such event, the minimum period shall be specified in the sentence and shall not be more than one-third of the maximum term imposed. When the minimum period of imprisonment is fixed pursuant to this paragraph, the court shall set forth in the record the reasons for its action....
N.Y.Penal Law § 70.00(3)(b) (McKinney 1975).

**8.** Gordon also argues that the state department of correctional services Manual for Inmate Records Coordinators, on which the state defendants rely, conflicts with state law as construed in *Thompson* and, in any event, is irrelevant because New York lacked the jurisdiction to apply the guidelines contained therein. In reaching a decision on the instant motions, we have found it unnecessary to consider the guidelines proffered by defendants.

**9.** Section 70.00(3)(c) covers the situation in which the sentencing court does not fix the minimum period of imprisonment:
    (c) In any other case, the minimum period of imprisonment shall be fixed by the state board of parole in accordance with the provisions of the correction law.
N.Y.Penal Law § 70.00(3)(c) (McKinney 1975).

**10.** Because we find Section 70.00(3) unambiguous on its face, we do not address the parties' arguments as to the significance of subsequent legislative enactments for the construction of the statute.

strongly support the conclusion that the judge intended to leave the decision to the parole board. Thus, no minimum sentence was ever fixed by the sentencing court.

Gordon's reliance on *Thompson* is misplaced because the *Thompson* court explicitly assumed that the minimum period of imprisonment on the New York sentence had already been met by time served in prison in the sister state. *See Thompson,* 87 Misc.2d at 306, 384 N.Y.S.2d at 977–978. *Thompson* would control the disposition of this case in the event that Gordon's minimum period of imprisonment were found to be "none" years. However, as already stated, the court did not set a minimum period of imprisonment of "none" years in this case.

When the New York sentencing judge has not set a minimum sentence, the parole board determines the minimum. The board does so only after a personal interview with the prisoner, and the board is required to meet with the person only after that person has been received in a correctional facility under the jurisdiction of the state. N.Y.Exec.Law § 259–i(1)(a) (McKinney 1982). After sentencing in New York, Gordon was immediately returned to Georgia. Inasmuch as the parole board had not met with him up to that point, all that could be known was that the minimum sentence was at least one year and could possibly be as long as the maximum New York sentence. *See Russo v. New York State Board of Parole,* 50 N.Y.2d 69, 427 N.Y.S.2d 982, 405 N.E.2d 225 (1980). Without a fixed and ascertained minimum period of imprisonment for the New York sentence, Gordon's release from the Georgia prison at any point sooner than five years—his theoretical maximum under the New York sentence—could have meant that he had been released prior to having served the New York minimum.

Persons like Gordon who are sentenced to concurrent sentences may face a situation where they cannot know when they will have served the minimum on both sentences because they will not have met with the New York State Board of Parole, and they cannot meet with the parole board until they have been received in a correctional facility over which the state has jurisdiction. *See* N.Y.Exec.Law § 259–i (McKinney 1982). Without knowing the minimum period of imprisonment on both sentences, they cannot calculate when they will have served that minimum and be eligible for parole in the sister jurisdiction. *See* N.Y.Penal Law § 70.40(1)(a) (McKinney 1984). Thus, under the statutory scheme, persons like Gordon must be returned to a New York department of correctional services facility in order to have a minimum period of imprisonment set on the New York sentence if they are discharged prior to serving their greatest possible minimum period of imprisonment under the New York sentence.

■ Consequently, inasmuch as Gordon's minimum period of imprisonment under his New York sentence had not been set prior to the time he was paroled by the Georgia authorities and his greatest possible minimum term had not been served, the state defendants did not act unlawfully under the applicable New York statutes in imprisoning Gordon after March 6, 1981. Similarly, the Nassau defendants, acting pursuant to a detainer which contained no indication that a minimum New York sentence had been fixed, properly returned Gordon to New York State, where he was received in a department of correctional services facility.

The state defendants' motion to reargue is denied. Gordon's motion for partial summary judgment is denied, and summary judgment granted as to the state and Nassau defendants. The complaint is dismissed.

It is so ordered.