■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LARRY WHITE, Appellant, v ROBERT ABRAMS, as Attorney-General of the State of New York, et al., Respondents.—Levine, J. Appeal from a judgment of the Supreme Court at Special Term (Traficanti, Jr., J.), entered November 14, 1985 in Ulster County, which dismissed a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.

Petitioner was convicted of murder in the second degree by a Pennsylvania court in 1971 and sentenced to an indeterminate term of 10 to 20 years in prison. In 1976 he was brought to New York to face pending charges and subsequently pleaded guilty to manslaughter in the second degree. An indeterminate prison term of 5 to 20 years was imposed thereon to run concurrently with the Pennsylvania sentence, and petitioner was then returned to Pennsylvania to continue serving his sentence there.

In January 1982 petitioner was paroled on the Pennsylvania conviction and voluntarily returned to New York to serve the remainder of his New York sentence. He unsuccessfully applied for parole in 1982 and 1983 and, thereafter, sought the instant writ of habeas corpus alleging that his incarceration in New York subsequent to Pennsylvania's granting of parole was illegal. This appeal followed Special Term's dismissal of the writ. We now affirm.

We are not persuaded by petitioner's contention that his

current detention in New York is illegal. Contrary to his assertions, his New York sentence was not merged into and fully satisfied by service of the minimum term of the Pennsylvania sentence. Penal Law § 70.30 (2-a) provides for the calculation of a sentence imposed in New York with a sentence imposed in another jurisdiction in the same manner as for multiple sentences imposed in New York. Thus, since petitioner's 5- to 20-year New York sentence had a shorter minimum term than the 10- to 20-year sentence imposed in Pennsylvania, the New York minimum term was merged into and satisfied by petitioner's serving the 10-year Pennsylvania minimum (see, Penal Law § 70.30 [1] [a]).

However, even though both sentences had a 20-year maximum term, the New York sentence was imposed subsequent to the Pennsylvania sentence and thus had a longer unexpired maximum term. Accordingly, it was neither merged into the Pennsylvania sentence nor discharged upon Pennsylvania's grant of parole (see, Penal Law § 70.30 [1] [a]; *People v Thompson*, 87 Misc 2d 302, 305). Since service of the full Pennsylvania sentence, or any portion thereof, would leave undischarged the maximum term of the New York sentence, Penal Law § 70.20 (3) mandated petitioner's return thereafter to the custody of the New York Department of Correctional Services to serve the remainder of his New York term. Whether petitioner should then have been released on parole was within the discretion of the State Board of Parole (Penal Law § 70.40 [1] [a]).

Judgment affirmed, without costs. Mahoney, P. J., Kane, Main, Weiss and Levine, JJ., concur.