*253 OPINION OF THE COURT
Albert E. Tait, Jr., J.
Petitioner brings this writ of habeas corpus alleging that he is being improperly detained by the New York State Department of Correctional Services.
On August 27, 1993, petitioner was sentenced in the State of New Jersey to a term of seven years. On February 16, 1994, petitioner was delivered to New York State to face criminal charges pending in this State. On February 19, 1994, he pleaded guilty to a misdemeanor and a felony and was sentenced to a definite one-year term on the misdemeanor, concurrent with an indeterminate sentence of one to three years on the felony, both sentences to run concurrently with the undischarged New Jersey sentence. The court’s sentence and commitment form includes the following handwritten notation: "Time to be served, if possible in NJ”.
Petitioner served his minimum one-year sentence in New York and on February 7, 1995, he was returned to New Jersey to complete his term there. On May 31, 1995, he went before the Parole Board in New Jersey and was given an open parole date of July 12, 1995. On July 11, 1995, New York State filed a detainer with respect to the same charges for which he had been sentenced on February 19, 1994. Upon his parole by New Jersey on July 12, 1995, petitioner was returned to custody in New York State where he remains at present.
On August 10, 1995, petitioner was given a parole hearing in New York State. That hearing was adjourned to August 29, 1995, at which time petitioner was granted an open parole date of October 24, 1995 "or earlier” depending on the time necessary to make arrangements for parole supervision in New Jersey, petitioner’s State of residence.
Penal Law § 70.30 (1) (a) provides that where a person is under indeterminate sentences which are running concurrently the "maximum terms merge in and are satisfied by discharge of the term which has the longest unexpired time to run.” In the instant case at the time petitioner was sentenced in New York to concurrent sentences, the New Jersey term had the longest unexpired term. Consequently the New York sentences merged in that sentence and would be satisfied by its discharge. After serving his minimum term in New York, petitioner was returned to New Jersey. Upon his discharge of that sentence New York State had no further interest in him. The subsequent detainer filed on July 11, 1995, and any deten *254 tion subsequent to that date was improper and without legal basis.
Respondent’s sole opposition is premised on the argument that the New Jersey sentence was not an indeterminate sentence and therefore Penal Law § 70.30 is inapplicable. Based on that premise respondent now contends that the New York State Parole Board has recalculated petitioner’s time served and intends to revoked the New York State parole.
It has been held that Penal Law § 70.30 is only applicable where both sentences are indeterminate or both are definite (Matter of Miley, 100 Misc 2d 286). Respondent contends that the New Jersey sentence is not an indeterminate one because the sentencing court did not impose both a minimum and a maximum term. This argument overlooks the fact that under the statutory scheme in New Jersey once the court sets a maximum term a minimum term for parole eligibility purposes is automatically imposed by operation of statute (NJ Stat Annot, tit 30, ch 4, § 123.51).
Under the statutory scheme for sentencing in New York State there are basically three categories: definite, intermittent and indeterminate. A definite term is a fixed term for a specified length and is usually available only for misdemeanors, although by special provision it is also available for class D and E felonies and for class C drug felonies (Penal Law § 70.00 [4]; § 70.15). An intermittent term, often referred to as a "weekend” sentence, is a variation of a definite term with service of sentence permitted during specified intermittent weekends (1995 NY Sentence Charts, McKinney’s Cons Laws of NY, Book 39, Penal Law, at 4). An indeterminate term is limited to felonies. Minimum and maximum periods are fixed. The term is completed at the expiration of the maximum period and parole eligibility arises after service of the minimum period (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law art 70, at 232).
Respondent has cited various cases in which New York courts have held that particular sentences of other States are not indeterminate terms "facially, definitionally or functionally, as that term of art is used in New York” (People ex rel. Harris v Sullivan, 74 NY2d 305, 309). None of those cases make such a determination with respect to a New Jersey sentence which is in fact the functional equivalent of New York’s version of an indeterminate sentence. In New Jersey whenever the court establishes a maximum term, the statute determines the minimum which must be served before a prisoner is eligible *255 for parole. This is contrary to a definite sentence where there is no parole eligibility earlier than expiration of the term (less earned "good time”). If the New Jersey term imposed against petitioner had been a definite term of seven years, rather than an indeterminate one, petitioner would not have been eligible for parole in that State in July 1995.
In the case of People v Thompson (87 Misc 2d 302), defendant was sentenced to a sentence of zero to four years in New York, to be served concurrently with a 15-year sentence which he was serving in Virginia. After defendant had served three years of the 15-year sentence he was approved for parole by the Virginia authorities. New York State then filed a detainer directing defendant’s return to New York to serve the remainder of his New York sentence. Penal Law § 70.20 permits a defendant to be returned to New York to serve the balance of a New York sentence only where the New York sentence is the longer sentence, but not in the converse situation where the previous undischarged sentence in a sister State is greater than the New York maximum. The court stated, "[L]ogic seems to impel the conclusion that by fulfilling the greater term of the sister State, the New York sentence would automatically be satisfied.” (Supra, at 305.) The plain language of Penal Law § 70.30 is that shorter terms merge into longer sentences and, for purposes of determining the minimum term to be served before the Parole Board can act, the defendant is credited with time served under imprisonment on any of the sentences.
"It was the contemplation of this court that when the defendant was sentenced to a concurrent term, he was given up to the Virginia authorities to serve that term. Once the minimum period of imprisonment had been satisfied under New York law, where, by law, the shorter sentence merges in the longer one, parole should be left to the applicable rules of the correction board of the State where said longer term is being served. The defendant having been committed to the Virginia facility to serve his time, the New York Department of Correction should have no superior control over his parole. To deal with the defendant otherwise would result in a frustration of the court’s intention to impose a concurrent term.
"It should be noted that while on parole, a defendant is still serving his sentence and parole is simply permission for the defendant to be serving that time at large under certain restrictions as opposed to confinement. (Matter of Menechino v Division of Parole, N. Y. City, 32 AD2d 761, affd 26 NY2d 837; *256 People v Santos, 31 AD2d 508, affd 25 NY2d 976, cert denied 397 US 969.) If the Virginia Parole Board has determined that despite the additional concurrent sentence there is a reasonable probability that the defendant can live at liberty without violating the law, the New York Department of Correction should have no greater interest.” (People v Thompson, supra, at 306.)
Logic and a sense of fair play dictate the same result in the instant case. Once defendant had served the minimum under his New York sentence and New York remanded him to New Jersey to serve his time there the New York State Department of Correctional Services had no further interest in or authority over his parole.
An order directing petitioner’s release from custody has been signed this date.