595 A.2d 1102

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. PEDRO FRANCISCO QUIJANO, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 13, 1991—Decided July 3, 1991.

Before Judges SHEBELL and HAVEY.

*Claudia Van Wyk*, Deputy Public Defender II, argued the cause for appellant (*Wilfredo Caraballo*, Public Defender, attorney).

*Jack L. Weinberg*, Assistant Prosecutor, argued the cause for respondent (*Edward F. Borden*, Jr., Camden County Prosecutor, attorney).

PER CURIAM.

Defendant, Pedro Francisco Quijano, pleaded guilty to the second count of an accusation, which charged him with possession of a controlled dangerous substance, heroin, with intent to distribute within 1,000 feet of a school (*N.J.S.A.* 2C:35–7). The State agreed to recommend the dismissal of count one of the accusation, along with the dismissal of a pending indictment. It also agreed to recommend at sentencing that defendant receive five years probation with the conditions that he serve 364 days in the county jail, undergo a drug evaluation and any treatment deemed necessary as a result of that evaluation, submit to unannounced urine monitoring, and serve 400 hours of community service in addition to mandatory fines and penalties required under the statute.

On April 22, 1988, defendant was sentenced in accordance with the plea agreement. The sentencing judge advised defen-

dant at the entry of his plea on March 21, 1988, and also at sentencing on April 22, 1988, that "I *could* order you spend three years without parole." (Emphasis added). Defendant was not advised on the record, either at the time of plea or at the sentencing, that *N.J.S.A.* 2C:35–7 required a mandatory three-year term that the sentencing judge was without discretion to waive, except in accordance with a plea bargain approved by the prosecutor pursuant to *N.J.S.A.* 2C:35–12.

On June 29, 1990, defendant appeared before the original sentencing judge and pleaded guilty to violations of his probation, which included a urine sample positive for cocaine on January 27, 1989 and two subsequent arrests, convictions, and sentences. The judge found these to be substantial *per se* violations of probation. The sentencing judge then concluded that "[h]e's got a thousand foot case; so, he's got to get three-year stip. And I plan to give him four years with a three-year stip. There's not much less than that you can do." The judge further stated, "[a]nd the stip I'm giving him because I think it's mandatory." Thus, on the violation of probation, defendant received a presumptive term of four years with three years of parole ineligibility. No findings were made as to aggravating or mitigating factors either at the time of the original sentence or at the time of sentencing on the violation of probation.

In this appeal, defendant urges that he was improperly sentenced to a presumptive four-year term, arguing that his lack of a prior record weighed in favor of a mitigated three-year term because the only aggravating factor appeared to be the need to deter.[1] Further, defendant urges that *N.J.S.A.* 2C:35–12 violates the doctrine of separation of powers as well as his rights to equal protection and due process of law "because it prevents the sentencing judge from ameliorating a mandatory sentence under Title 35 without the prosecutor's consent." In addition, he urges that "*N.J.S.A.* 2C:35–12 cannot be used to

---

[1]This lone aggravating factor is mentioned in the June 29, 1990 sentencing order.

circumvent the sentencing guidelines set forth in *State v. Baylass,* 114 *N.J.* 169 [553 *A.*2d 326] (1989), and *State v. Molina,* 114 *N.J.* 181 [553 *A.*2d 332] (1989)."

Defendant notes that if the mandatory sentencing provision of *N.J.S.A.* 2C:35–7 is not applicable, even assuming that a balancing of the aggravating and mitigating factors justified the presumptive four-year term, "it was impossible for the lone factor 'need to deter' to 'substantially' outweigh the mitigating factor of a clean record (even offset by subsequent arrests)." Defendant concludes, "[t]his court must therefore vacate the three-year mandatory minimum imposed on Mr. Quijano and modify his base term to three years or, in the alternative, affirm the four-year base term."

We need not consider whether, when an appropriate reservation is made by the prosecutor and a defendant is properly advised at the time of the plea that a mandatory ineligibility term will be invoked in the event of a violation of probation, the sentencing guidelines set forth in *State v. Baylass,* 114 *N.J.* at 169, 553 *A.*2d 326, and *State v. Molina,* 114 *N.J.* at 181, 553 *A.*2d 332, can thereby be circumvented. *See State v. Wearing,* 249 *N.J.Super.* 18, 26, 591 *A.*2d 1350 (App.Div.1991) (upholding mandatory sentence where the prosecutor recited that " 'the State is only doing this with regard to the initial sentencing' " and that " 'if the defendant comes back on a violation of probation, it could at that time request the mandatory minimum that it could have sought originally' "). Here, the prosecutor made no such reservation and did not advise this defendant on the record of the applicability of the mandatory provisions of *N.J.S.A.* 2C:35–7. *See R.* 3:9–2 (requiring that the court address the defendant personally and determine that he has an understanding of the consequences of the plea). As noted by the dissenter in *Wearing,* imposition of the mandatory sentence without any exercise of judicial discretion on a violation of probation "runs directly against the spirit and letter of *State v. Baylass,* 114 *N.J.* 169 [553 *A.*2d 326] (1989), and *State v.*

*Molina,* 114 *N.J.* 181 [553 *A.*2d 332] (1989)." *Wearing,* 249 *N.J.Super.* at 29–30, 591 *A.*2d 1350 (Cohen, J., dissenting).

We are satisfied in these circumstances that the State's waiver of the mandatory minimum under *N.J.S.A.* 2C:35–12, being without reservation, applies throughout all subsequent proceedings. We have reviewed the entire record and have determined that the four-year sentence of imprisonment imposed on the violation of probation is not manifestly excessive or unduly punitive and does not constitute an abuse of discretion. *State v. O'Donnell,* 117 *N.J.* 210, 564 *A.*2d 1202 (1989). The record, however, does not support any possible finding that the aggravating factors substantially outweigh the mitigating factors. Therefore, a period of parole ineligibility may not be imposed in these circumstances.

The sentence imposed by the Law Division on the violation of probation on June 29, 1990 is reversed and set aside. Defendant is sentenced to the custody of the Commissioner of Corrections for a period of four years. No period of parole ineligibility is imposed.