256 N.J. Super. 126 (1992)
606 A.2d 835
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSE ROSADO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 24, 1992.
Decided April 20, 1992.
*128 Before Judges PRESSLER, SKILLMAN and D'ANNUNZIO.
Wilfredo Caraballo, Public Defender, attorney for appellant (Jacqueline E. Turner, Assistant Deputy Public Defender, of counsel and on the letter brief).
Edward F. Borden, Jr., Camden County Prosecutor, attorney for respondent (Jack L. Weinberg, Assistant Prosecutor, of counsel and on the letter brief).
The opinion of the court was delivered by PRESSLER, P.J.A.D.
The issue before us is the extent of credit to which a defendant is entitled when he is resentenced to a prison term following violation of probation. More particularly, if the defendant had been sentenced to a jail term as a condition of probation and had been paroled after confinement for a portion of the jail term, is he thereafter entitled to credit for the entire jail term imposed, including the time spent on parole, or only to the portion thereof spent in confinement? We hold that defendant is entitled to credit for the entire jail term imposed, including parole time.
Defendant Jose Rosado was charged under N.J.S.A. 2C:35-7 with possession within 1,000 feet of a school of about a quarter of an ounce of cocaine with intent to distribute. Following plea *129 negotiations, an agreement was reached whereby the prosecutor, pursuant to N.J.S.A. 2C:35-12, agreed to waive the mandatory minimum term and to recommend that defendant be sentenced to five years of probation subject to the condition of a 364-day jail term and such other conditions as the judge might impose. Defendant accordingly pleaded guilty and that was the sentence, including prescribed fines and penalties, which was actually imposed on April 21, 1989. Following the imposition of that sentence, the prosecutor made this statement:
Your Honor, it's my understanding that the mandatory sentence was waived in this matter for plea purposes only.
The judge responded as follows:
Yes. The State has waived the mandatory sentence provision on the drug act. However, some county jail time is appropriate, given the nature of the offense and, therefore, I've chosen to sentence in accordance with the plea agreement, which is fair under all the facts and circumstances of the case.
Defendant was never asked about his understanding of the import of the prosecutor's statement and there is nothing of similar import in any of the prior proceedings or documents.
An accusation was thereafter filed by the probation department charging defendant with violation of probation as of March 31, 1990. Following a hearing in July 1990, defendant was found guilty of failure to report, failure to take substantial steps to learn English, failure to obtain employment, failure to remain drug free and failure to undergo testing. The judge was of the view that the mandatory minimum sentence had now to be imposed and accordingly sentenced defendant to a five-year term subject to a three-year term of parole ineligibility. As of the date of resentencing, defendant was accorded credit for 117 days spent in jail from February 9, 1989 to June 5, 1989. He was not given credit for the time thereafter spent on parole in completion of the 364-day term.
Before dealing with the question of credit, there are several other issues we must address. First, defendant argues that he is entitled to the benefit of the prosecutor's waiver of the statutory minimum mandatory term on the resentencing. *130 We agree. In short, we concur with the dissent of Judge Cohen in State v. Wearing, 249 N.J. Super. 18, 29, 591 A.2d 1350 (App.Div. 1991), and with the subsequent adoption of his reasoning by State v. Quijano, 250 N.J. Super. 564, 595 A.2d 1102 (App.Div. 1991) and State v. Vasquez, 250 N.J. Super. 457, 595 A.2d 520 (App.Div.), certif. granted, 126 N.J. 389, 599 A.2d 165 (1991). See also State v. Sepulveda, 253 N.J. Super. 447, 602 A.2d 273 (App.Div. 1992). We further note that unlike the facts in Wearing and Vasquez, this defendant was not apprised, either by way of the plea form or the plea proceeding or prior to the imposition of sentence, that the prosecutor intended in any way to condition the waiver of the mandatory minimum term. Accordingly, defendant's sentence must be modified by the vacation of the minimum mandatory term. We are further satisfied that this conclusion moots defendant's assertion that the prosecutorial waiver scheme of N.J.S.A. 2C:35-12 is unconstitutional, and we consequently do not address that argument. But see State v. Lagares, 127 N.J. 20, 26-33, 601 A.2d 698 (1992).
We also agree with defendant that the record does not support the imposition of the maximum base term for the third-degree crime to which he pleaded guilty. The judge did not explain why he imposed the maximum base term, and the record does not support its imposition. When the judge originally sentenced defendant to probation, he noted the applicability of two aggravating factors, namely a pecuniary incentive beyond that inherent in the offense itself and the need to deter. He also noted the applicability of two mitigating factors, namely, no prior criminal activity or juvenile delinquency and amenability to probationary treatment. On the resentencing he correctly noted that the effect of the probation violation was the vitiation of the latter mitigating factor. See State v. Baylass, 114 N.J. 169, 553 A.2d 326 (1989). He did not, however, consider the weight of the remaining factors or balance them. We conclude that the pecuniary-incentive factor was inappropriately applied since it rested on nothing beyond the charge of *131 possession with intent to distribute. We also conclude that the single remaining aggravating factor of deterrence does not sufficiently outweigh the single remaining mitigating factor so as to justify imposition of a prison term beyond the presumptive four-year term.
We now consider the credit issue. The imposition of a maximum jail term of 364 days as a condition of a probationary term is expressly provided for by N.J.S.A. 2C:45-1c. That provision was amended by L. 1983, c. 124 in two significant respects. First, this proviso was added: "A term of imprisonment imposed under this section shall be governed by the `Parole Act of 1979,' P.L. 1979, c. 441 (C. 30:4-123.45 et seq.)." Second, the following was added as the last unnumbered paragraph of section c:
Whenever a person is serving a term of parole as a result of a sentence of incarceration imposed as a condition of probation, supervision over that person shall be maintained pursuant to the provisions of the law governing parole. Upon termination of the period of parole supervision provided by law, the county probation department shall assume responsibility for supervision of the person under sentence of probation. Nothing contained in this section shall prevent the sentencing court from at any time proceeding under the provisions of this chapter against any person for a violation of probation.
It is well settled that parole does not constitute a termination of imprisonment, but is, rather, a continuation of custody. Thus, as we explained in In re Clover, 34 N.J. Super. 181, 188, 111 A.2d 910 (App.Div. 1955), "[p]arole is a procedure by which a prisoner is allowed to serve the final portion of his sentence outside the gates of the institution on certain terms and conditions, in order to prepare him for his eventual return to society." Consequently, one cannot simultaneously serve both parole time and prison time for the same sentence. Ibid. See also Serio v. Liss, 300 F.2d 386, 390 (3rd Cir.1961) (under New Jersey law, parole does not remove a prisoner from the legal control and custody of the State). This principle is incorporated by the Parole Act, N.J.S.A. 30:4-123.65, which provides that:

*132 The duration of time served prior to parole, plus the duration of any time served on parole, less any time after warrant for retaking of a parolee was issued pursuant to section 18 but before the parolee is arrested, plus the duration of any time served after revocation of parole, shall not exceed the term specified in the original sentence.
As we understand the import of this statute, it requires that calculation of a defendant's total maximum term of imprisonment include any time served on parole. In other words, time spent on parole "counts" in determining how much of the fixed term sentence a defendant has served and how much remains to be served. Thus, a defendant who has been on parole and then is reincarcerated is entitled to "credit" for the parole time in determining how much of the sentence has actually been served prior to reincarceration. This is so because defendant cannot be required to duplicate, as it were, jail time and parole time.
Applying these principles here, it is clear that defendant has already served a portion of his prison term imposed on resentencing, namely the full 364-day term imposed as a condition of probation, part of which was served in jail and part on parole. He cannot be required to serve that portion of his sentence again.
We are aware that R. 3:21-8, which governs credits, appears to provide otherwise. That rule reads in full as follows:
The defendant shall receive credit on the term of a custodial sentence for any time he has served in custody in jail or in a state hospital between his arrest and the imposition of sentence.
The rule thus accords credit only for jail time or time spent in custody in a state hospital and would consequently appear to exclude parole time. But we are also satisfied that the rule does not apply in these circumstances. By its own terms the rule addresses the question of credit for time served prior to imposition of sentence. It does not address the question of time served between imposition of sentence and imposition of resentence for the same crime after a probation violation. Those circumstances are, rather, governed by the Parole Act by the legislative fiat of N.J.S.A. 2C:45-1c.
*133 In sum, then, both jail time and parole time count towards service of the prison term imposed on the resentence. Defendant has consequently already served 364 days for which he is entitled to credit.
We remand for modification of the judgment of conviction by vacation of the mandatory minimum term, imposition of a four-year prison term in lieu of the maximum five-year base term imposed, and for provision that defendant be deemed to have served 364 days of the sentence as of the date of sentencing.

ON RECONSIDERATION
Subsequent to the filing of our opinion in this appeal, the prosecutor moved for reconsideration, bringing to our attention N.J.S.A. 30:4-123.51a, which, he contends, compels a different resolution of the credits question from that which we had reached. We have considered that statute, and we disagree as to its import. Consequently, we confirm our original determination.
N.J.S.A. 30:4-123.51a provides that
... any inmate sentenced to a term of incarceration in a county penal institution who is granted parole and whose parole is revoked, shall not be credited for any time served during that parole and shall not be eligible for parole during the remainder of that county sentence.
Had this defendant's parole been revoked, then the statute would clearly apply and he would consequently be entitled to credit only for the number of days he actually served in jail custody.
The point is that the statute does not apply because defendant's parole was not revoked. He was charged with a probation violation, not a parole violation, after the full 364-day combined period of jail time and parole had elapsed. He had already passed from parole supervision to probation supervision pursuant to N.J.S.A. 30:4-123.45. He was eligible for resentencing precisely because he was a probation  not a parole  violator. We therefore conclude that N.J.S.A. 30:4-123.51a is *134 not relevant to the facts here, and accordingly, we confirm our original decision.