104 N.J. Super. 222 (1969)
249 A.2d 609
JUAN ROMAN, PLAINTIFF-APPELLANT,
v.
NEW JERSEY STATE PAROLE BOARD, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 19, 1968.
Decided January 17, 1969.
*223 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Arthur N. D'Italia argued the cause for appellant (Messrs. Warren, Chasan, Leyner and Holland, attorneys).
Mr. Eugene T. Urbaniak, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by CONFORD, S.J.A.D.
Roman complains of the determination of the State Parole Board that he sustain loss of "street time" (i.e., between date of parole and date of apprehension for delinquency on parole) ordered upon revocation of a 1963 parole from a 1957 prison sentence because of his subsequent arrest for a narcotics offense committed in New *224 York during his parole. He pleaded guilty to this offense, receiving a 2 1/2-5-year prison term in New York.
The action of the State Parole Board was prima facie correct, under N.J.S.A. 30:4-123.24, which requires loss of street time if parole is revoked for commission of an offense while on parole subsequently resulting in conviction of crime. The record before us indicates that the revocation of parole is dated April 24, 1964 and states as the reason therefor Roman's conviction and sentence April 1, 1964 for attempted felonious possession of narcotic drugs.
Plaintiff seeks to cast doubt on the regularity of the foregoing record by reason of the fact that the declaration of delinquency on parole is dated December 17, 1963, yet refers, as a reason therefor, to the New York conviction and sentencing aforesaid "on April 1, 1964." The State's brief informs us that the original declaration of delinquency was executed on December 17, 1963, immediately on notification by the Parole Bureau of New York of Roman's arrest in New York on that date, but that the declaration contained no "reason" therefor until the reason was typed in by a clerk in the State Parole Board's office after the conviction. However, this irregularity in relation to the declaration of delinquency, whatever the related circumstances, is irrelevant to the issue before us. That matter depends on the reasons assigned in the revocation of parole alone, see Bonomo v. New Jersey State Parole Board, decided simultaneously herewith. The revocation is entirely regular on its face, and is attended by the presumption of regularity of an official record. We see no reason to grant appellant's request for remand for a hearing as to the regularity of the revocation document on the mere basis of the irregularity of the declaration of delinquency on parole.
Roman argues that the effect of N.J.S.A. 30:4-123.24 in "adding the time on parole" to his sentence denies him liberty without due process of law. This argument is founded on the idea that, theoretically, time spent on parole *225 is time spent in confinement, the "prison walls being pushed back," so that imposition of service of that time on revocation of parole is fundamentally unfair as double punishment. We reject the position as unsound. Realistically, there is a vast difference between life in prison and life as a parolee. We see nothing fundamentally unfair, in a due process sense, in the State contracting with the parolee, as a condition of its grace, that if he commits a crime while on parole he shall serve behind the prison walls the period of the respite he has enjoyed from actual incarceration due the State under his sentence. The prisoner is of course always free to reject parole if dissatisfied with the statutory condition appurtenant thereto.
Roman also contends that the "penalty" imposed by the statute creates "a second penalty for previously punished conduct," and is thus a violation of the double jeopardy provisions of the State constitution. We are in disagreement, notwithstanding the resourceful effort on Roman's behalf to substantiate this thesis.
The prisoner is punished only once for the original crime, even when the statute is applied to deprive him of credit for his street time. The State did not have to create a parole system in the first place, and the convict is no worse off, in terms of time spent behind the bars, when the statute is applied, than he would have been had he not been paroled at all. A conditional remission of part of the adjudicated penalty does not become a "second" penalty when the adjudicated penalty is exacted from the prisoner for breach of the condition.
Judgment affirmed.