109 N.J. Super. 180 (1970)
262 A.2d 725
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHARLES A. HOLMES, DEFENDANT-PETITIONER.
Superior Court of New Jersey, Law Division.
Decided February 11, 1970.
*181 Mr. William A. Walley, assigned counsel, for Defendant.
Mr. Anthony Mautone, Assistant Prosecutor for plaintiff (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
FUSCO, J.S.C.
This is an action for post-conviction relief brought by defendant under R. 3:22-2 and presenting a substantial question of constitutional law.
Defendant was sentenced by this court on October 3, 1968 to three to five years in State Prison, with credit for 133 days served, on a charge of entry with intent to steal, a sentence subsequently modified to two to three years. At the time he was arrested for that crime, defendant was on parole *182 from Bordentown Reformatory (a chronology follows, infra). Defendant alleges that his 14th Amendment rights were violated by the method employed by the State Parole Board in notifying him of his violation of parole from Bordentown. This presents an issue which appears not to have been heretofore litigated in this manner in this State.
Because of the nature of these proceedings, the relevant chronology of defendant's record is set forth.
On May 13, 1965 defendant was sentenced to State Prison for two to three years on charges of attempting to obtain narcotics by false prescriptions and of uttering false prescriptions. The custodial sentence was suspended and one year's probation imposed by the Essex County Court.
On November 3, 1966 he violated probation. Probation was vacated and he was sentenced to Bordentown for a minimum of two years.
On December 12, 1967 defendant was paroled from Bordentown. His maximum expiration date of parole was set as November 14, 1968.
On May 25, 1968 he was arrested for entering with intent to steal.
On May 25, 1968 it is alleged, defendant was declared delinquent on his parole.
On July 25, 1968 he pleaded guilty to the entry charge before this court.
On August 14, 1968, it is alleged, defendant's parole was revoked.
On October 3, 1968 he was sentenced to three to five years in State Prison, with credit for 133 days served on the entry charge.
On December 2, 1968 this court modified that sentence to two to three years.
Defendant alleges that he received from the State Parole Board on December 20, 1968 a notice of parole delinquency dated May 25, 1968, and a declaration of revocation of parole dated August 14, 1968. He notes that May 25, 1968 is a *183 Saturday, a day on which, he claims, parole boards never meet. It is also the day on which he was arrested for the entry charge on which this court ultimately sentenced him.
No evidence has been presented by the State or by the Parole Board to refute defendant's allegations, although the State relies on Roman v. N.J. State Parole Board, 104 N.J. Super. 222 (App. Div. 1968), as authority to deny defendant's sought-for relief.
N.J.S.A. 30:4-123.23 states:
* * * Prior to revoking the parole of any prisoner, the Board may declare him to be delinquest on parole and shall notify him of this fact and of the reasons for the proposed revocation and may, * * * permit him an opportunity to appear before the board and show cause why his parole should not be revoked. (Emphasis added)
and N.J.S.A. 30:4-123.29 reads:
Whenever * * * the board desires to give notice to the parole of a declaration of delinquency [or] revocation of parole, * * * the board shall be deemed to have given sufficient notice thereof to the parolee by mailing a copy of such document to him at his last known post-office address.
Adequate notice is a due process right within the 14th Amendment. Mullane v. Central Hanover Bank, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1949). It is well established that prisoners do not lose all their constitutional rights and that the due process and equal protection clauses of the 14th Amendment "follow them into prison and protect them there." Jackson v. Godwin, 400 F.2d 529, 532 (5 Cir.1968); Washington v. Lee, 263 F. Supp. 327, 331 (M.D. Ala. 1966), aff'd per curiam, 390 U.S. 333 (1968), 88 S.Ct. 994, 19 L.Ed.2d 1212.
In this State the minimal requirements of due process of law include reasonable notice of the nature of the proceedings and a fair opportunity to be heard therein. Fantony v. Fantony, 36 N.J. Super. 375, 378 (Ch. Div. 1955), modified on other grounds, 21 N.J. 525 (1956). There is no hearing *184 when the affected party has not the means of knowing what evidence is offered and is not afforded an opportunity to test, explain or refute it. A finding without notice and evidence is arbitrary and baseless. I.C.C. v. Louisville & N.R. Co., 227 U.S. 88, 33 S.Ct. 185, 57 L.Ed. 431 (1912). "[The state parole board] may revoke parole on such evidence as it determines is reasonable unless such action is arbitrary or capricious." Dunn v. California Dept. of Corrections, 401 F.2d 340, 342 (9 Cir.1968).
The Federal statute, 18 U.S.C.A. § 4207, analagous to N.J.S.A. 30:4-123.23, reads, in part:
A prisoner retaken upon a warrant issued by the Board of Parole shall be given an opportunity to appear before the Board. * * *
If this statutory right is denied, then "due process has been violated and the court is empowered to grant relief." Cotner v. U.S., 409 F.2d 853, 856 (10 Cir.1969); Boddie v. Weakley, 356 F.2d 242 (4 Cir.1966). Under this same statute, an accused parole violator should be presented within a reasonable time, not only to respond to the charges against him but to attempt to convince the board that notwithstanding the violation, his parole should be continued under the same or other terms. United States ex rel. Hitchcock v. Kenton, 256 F. Supp. 296 (D.C. Conn. 1966).
It appears, therefore, that there is a constitutional due process right to notice and a statutory right of notice of parole revocation hearings; that a citizen's status as prisoner does not deprive him of his due process rights, and that, in federal cases involving a statute similar to the state statute for these purposes, statutory violation by the parole board was considered a due process violation where proper hearing and notice were not afforded.
It is apparent in the instant case that there was no opportunity to be heard when defendant was not notified until after the alleged revocation and delinquency dates, and that the action by the Parole Board in this matter was *185 arbitrary and capricious. As far as this court is aware, there has to this date been no hearing at which defendant could rightfully present himself to respond to the charges and convince the Board of his right to further parole. Cf. United States ex rel. Hitchcock v. Kenton, supra.
Under the state statute of notice to prisoners, N.J.S.A. 30:4-123.29, regular mail is considered appropriate. The notification itself, however, must still be effectuated in such time as to give the petitioner a fair opportunity to be heard. Fantony v. Fantony, supra.
As noted above, the State relies on Roman, supra, for the proposition that irregularities in Parole Board notices are "irrelevant" to the court. 104 N.J. Super. supra, at 224. That case is distinguishable from the instant case in that (1) it involved sentences in two states, not two New Jersey sentences; (2) the due process issue was not considered there in connection with these statutes, and (3) there was an explanation by the State as to the alleged irregularity in the Parole Board's documents, an explanation entirely lacking here.
Under these circumstances, defendant cannot be deemed to have received sufficient notice until December 20, 1968, when the letter from the Parole Board actually reached him. This date, it will be noted, is after the maximum expiration date of the parole of November 14, 1968.
Since due process was violated, the revocation cannot stand. On this sole ground, the matter will be remanded to the Parole Board for a hearing on the notices dated May 25, 1968 and August 14, 1968. At this hearing it will be determined whether notice was given in accordance with the statute and the constitutional requirements. If it is determined that adequate notice was given, it will be determined whether there were sufficient grounds for revocation, giving defendant the right to show cause why parole should not have been revoked.
The case will be so remanded.