621 A.2d 24

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. MIGUEL
ANGEL OQUENDO, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 16, 1992—Decided January 4, 1993.

318

Before Judges PETRELLA, D'ANNUNZIO and KEEFE.

*Zulima V. Farber*, Public Defender, attorney for defendant-appellant (*Claire Drugach*, Assistant Deputy Public Defender, of counsel and on the brief).

*Edward F. Borden, Jr.*, Camden County Prosecutor, attorney for plaintiff-respondent (*Roseann A. Finn*, Assistant Prosecutor, of counsel and on the letter brief).

PER CURIAM.

Defendant Miguel Angel Oquendo appeals from his conviction of a second violation of probation and the sentence imposed thereon, as well as the failure to allow him "jail credit" based on time spent on "parole" while serving his sentence of probation after the county jail portion of that sentence.

Oquendo had entered a *retraxit* plea of guilty on January 30, 1988, to possession of cocaine with intent to distribute it within 1,000 feet of a school. Under the plea agreement the State agreed to dismiss three other charges against him and recommend a sentence of four years' probation with 364 days in the Camden County Jail, as well as the usual Drug Enforcement and Demand Reduction penalties. The prosecutor waived the mandatory period of parole ineligibility required by *N.J.S.A.* 2C:35–7. Oquendo was sentenced in accordance with the plea agreement, with a modification agreed to by the State which allowed Oquendo to serve his jail sentence on weekends from 7:00 p.m. on Fridays to 7:00 p.m. on Sundays.

On September 11, 1989, the Camden County Probation Department charged Oquendo with a violation of probation for failure to comply with certain provisions of his probation. After a hearing, Oquendo was found to have violated the terms of his probation. His sentence was then modified to require that he serve the remainder of his 364 days in jail immediately, thus eliminating the weekend jail provision of the sentence. The State again agreed to waive the mandatory period of parole ineligibility "at this time, and only this time," with a warning that it would not do so again if there was another violation of probation. The assistant county prosecutor took the position that she would seek a prison sentence of five years, three without parole eligibility, for any future violations.

A second violation of probation proceeding was instituted against Oquendo on November 9, 1990. At an April 1, 1991 hearing the judge found that Oquendo had violated probation by failing to pay the required fines and penalties, not reporting to his probation officer, and failing to obtain drug evaluation. The State announced it withdrew its waiver of the mandatory period of parole ineligibility. The judge thereafter revoked Oquendo's probation and sentenced him to five years in prison, three without parole eligibility.

On appeal, Oquendo raises the following issues:

I. The plea agreement in this case did not provide that a period of parole ineligibility was mandatory if the defendant violated his probation. (Not raised below).

II. The trial court erred in finding that defendant had inexcusably failed to comply with a substantive condition of probation.

III. The court in imposing parole ineligibility for a violation of probation violated the sentencing guidelines as established by the Supreme Court in *State v. Baylass*, 114 *N.J.* 169, 553 *A.*2d 326 (1989) and *State v. Molina*, 114 *N.J.* 181, 553 *A.*2d 332 (1989). (Not raised below).

IV. *N.J.S.A.* 2C:35–12, which precludes the court from foregoing a mandatory sentence without the State's consent, violates the doctrine of separation of powers and the defendant's right to due process of law, as well as his Fifth and Sixth Amendment rights. (*U.S. Const.* amend V, VI, and XIV; *N.J. Const.* art. I, ¶ 1; art. III, ¶ 1). (Not raised below).

A. *N.J.S.A.* 2C:35–12 violates the doctrine of separation of powers by vesting conclusive sentencing authority in the prosecutor rather than in the court.

B. The utilization of *N.J.S.A.* 2C:35–12 to circumvent the sentencing guidelines set forth in *State v. Baylass*, 114 *N.J.* 169, 553 *A.*2d 326 (1989), and *State v. Molina*, 114 *N.J.* 181, 553 *A.*2d 332 (1989), violates separation of powers.

C. *N.J.S.A.* 2C:35–12 violates defendant's Fifth and Sixth Amendment rights and the right to due process by delegating excessive power to the prosecutor.

V. Defendant's guilty plea did not waive any issue pertaining to his sentence, which had not yet been imposed when he pled guilty. (Not raised below).

VI. The trial court erred in not granting defendant jail credit for the completion of his 364 day county jail term and in not granting defendant credit for time spent on parole from the county jail. (Not raised below).

We reject Oquendo's contention that there was insufficient basis for finding a substantive violation of probation as without merit. *See State v. Peters*, 129 *N.J.* 210, 217–218, 609 *A.*2d 40 (1992). We note that the remaining issues were essentially not

raised below and thus must be considered under the plain error standard, except those issues arising after the sentence was imposed.

We note also that *State v. Vasquez,* 129 *N.J.* 189, 609 *A.*2d 29 (1992), has resolved Oquendo's constitutional challenge to *N.J.S.A.* 2C:35–12. That statute does not violate the doctrine of separation of powers because prosecutorial discretion is subject to judicial review where a defendant clearly and convincingly shows that the exercise of discretion was arbitrary and capricious. *Vasquez, supra,* 129 *N.J.* at 196–197, 609 *A.*2d 29.

With respect to the waiver of the mandatory period of parole ineligibility, those issues have recently been resolved by the Supreme Court. Regardless of whether Oquendo received notice of the consequences of violating his probation at the initial sentencing, *State v. Peters, supra,* 129 *N.J.* at 213, 609 *A.*2d 40, has now held that *N.J.S.A.* 2C:35–12 "does not compel the [sentencing] court to impose a mandatory period of parole ineligibility on resentencing because of a probation violation when the prosecutor has waived the parole disqualifier at the time of the initial sentencing in conjunction with a plea agreement." *See also State v. Vasquez, supra,* 129 *N.J.* at 200, 209, 609 *A.*2d 29. "[T]he prosecutor retains no sentencing authority on resentencing with respect to the imposition of a parole disqualifier." *Id.* at 200, 609 *A.*2d 29. Hence, on resentencing, the judge must follow the general guidelines set forth in *State v. Baylass,* 114 *N.J.* 169, 553 *A.*2d 326 (1989). However, the judge still retains discretionary authority to impose parole ineligibility under appropriate circumstances and based on adequate findings. *State v. Vasquez, supra,* 129 *N.J.* at 205, 609 *A.*2d 29.

Hence, a remand for resentencing is required in light of *Vasquez* and *Peters.*

■ Oquendo claims that he is entitled not only to jail credit for the time already served, but also for the time he spent on parole from the jail portion of his probation (although nonetheless still on probation), even though he was not actually incarcerated. He relies on *State v. Rosado,* 256 *N.J.Super.* 126, 132–133, 606 *A.*2d 835 (App.Div.), *certif. granted,* 130 *N.J.* 20, 611 *A.*2d 658 (1992), for both propositions, and particularly in claiming jail credits for the time not actually incarcerated. Although we agree that Oquendo is entitled to credit for time actually served in jail, we part company with *Rosado* regarding credits for time not actually incarcerated. In our view it is too great a stretch to equate time on probation or parole as a continuation of imprisonment, but outside of the jail. There are significant differences, and virtually no restrictions on personal freedom in connection with the usual probation "on the street." Often reporting requirements are minimal or non-existent and the probationer is essentially expected to do what is expected of any other person, *i.e.,* stay out of trouble and not violate the law.

Credit upon resentencing for time spent on parole from the county jail is not available to Oquendo here. It is incongruous to think that the Legislature intended that "street time" on either probation or parole [1] from a county jail counts towards a subsequent custodial sentence imposed as a result of the defendant's violation of probation. In this respect, based on our analysis of the statutory scheme, we disagree with *State v. Rosado, supra,* 256 *N.J.Super.* at 131–133, 606 *A.*2d 835, which reached a different conclusion.

---

[1] The statutes at times seem to use these terms interchangeably when county probation is involved. Here, Oquendo had been sentenced to a term of probation, conditioned on serving 364 days in the county jail. Oquendo was then paroled from the county jail. He was still on probation (after the termination of his parole obligation) when he was charged here with violating the terms of his probation.

The relevant statute, *N.J.S.A.* 2C:45–1(d), provides in pertinent part:

> When the court sentences a person who has been convicted of a crime to be placed on probation, it may require him to serve a term of imprisonment not exceeding 364 days as an additional condition of its order.... The term of imprisonment imposed hereunder shall be treated as part of the sentence, and in the event of a sentence of imprisonment upon the revocation of probation, *the term of imprisonment served hereunder shall be credited toward service of such subsequent sentence.* A term of imprisonment imposed under this section shall be governed by the "Parole Act of 1979," P.L.1979, c. 441 (C.30:4–123.45 et seq.).
>
> Whenever a person is serving a term of parole as a result of a sentence of incarceration imposed as a condition of probation, supervision over that person shall be maintained pursuant to the provisions of the law governing parole. Upon termination of parole supervision provided by law, the county probation department shall assume responsibility for supervision of the person under sentence of probation. Nothing contained in this section shall prevent the sentencing court from at any time proceeding under the provisions of this chapter against any person for a violation of probation. (*N.J.S.A.* 2C:45–1(d) (emphasis supplied)).

■ With due respect to our dissenting colleague and the *Rosado* decision, we construe the language "term of imprisonment" in *N.J.S.A.* 2C:45–1(d) to mean precisely that: a defendant who violates probation shall receive credit on a resentencing for such a violation only for the time he actually spent in custody for the offense for which he was originally sentenced to probation.

Our interpretation of the statute is consistent with *R.* 3:21–8, which provides that a "defendant shall receive credit on the term of a custodial sentence for any time he has *served in custody* in jail or in a state hospital between his arrest and the imposition of sentence." (Emphasis supplied). *See State v. Towey,* 114 *N.J.* 69, 86, 552 *A.*2d 994 (1989) (holding that defendant is not entitled to credit for time spent voluntarily in psychiatric hospital because some degree of "custody" is required). Moreover, we have also held that *R.* 3:21–8 is applicable to resentencing following the revocation of probation. *State v. Fisher,* 115 *N.J.Super.* 373, 279 *A.*2d 885 (App.Div. 1971).

■ It is acknowledged that "[p]arole is a procedure by which a prisoner is allowed to serve the final portion of his sentence *outside* the gates of the institution on certain terms and conditions, in order to prepare him for his eventual return to society." *In re Clover*, 34 *N.J.Super.* 181, 188, 111 *A.*2d 910 (App.Div.1955). We nonetheless emphasize that parole is a period of *supervised release*. *See N.J.S.A.* 30:4–123.45 *et seq.*

The practical effect of accepting Oquendo's argument would be that a defendant might only have to serve a minimal amount of time in prison, or perhaps no time, following a revocation of probation, since generally a period of parole ineligibility would not routinely be imposed on resentencing for a probation violation. *See State v. Peters, supra,* 129 *N.J.* at 219–220, 609 *A.*2d 40; *State v. Vasquez, supra,* 129 *N.J.* at 206, 609 *A.*2d 29. The result advocated by Oquendo would have the potential effect of eviscerating the deterrent effect of a potential sentence imposed as a result of a conviction for a violation of probation.

■ Part of the problem occurs because *N.J.S.A.* 2C:45–1(d) makes reference to the "Parole Act of 1979." Thus, Oquendo contends that one portion of that act, *N.J.S.A.* 30:4–123.65, supports his argument that he should be given credit for time spent on parole towards the term imposed at his resentencing. That statute provides:

> The duration of time served prior to parole, plus the duration of any time served on parole, less any time after warrant for retaking of a parolee was issued pursuant to section 18 but before the parolee is arrested, plus the duration of any time served after revocation of parole, shall not exceed the term specified in the original sentence.

Although the *Rosado* court interpreted this statute to mean that the defendant therein was "entitled to a 'credit' for the parole time in determining how much of the sentence has actually been served prior to reincarceration," *Rosado, supra,* 256 *N.J.Super.* at 132, 606 *A.*2d 835, we disagree. In our view, this statute was meant to allow credit for any time served in jail prior to parole, and during parole before actual revocation, and to ensure that defendants who have their parole revoked do not

end up being incarcerated for a longer time than that required by their original sentence.

On the State's motion for reconsideration in *Rosado,* the court was made aware of, but rejected the applicability of, *N.J.S.A.* 30:4–123.51(a), which provides:

[A]ny inmate sentenced to a term of incarceration in a county penal institution who is granted parole and whose parole is revoked, *shall not be credited for any time served during that parole* and shall not be eligible for parole during the remainder of that county sentence. (Emphasis supplied).

*See Rosado, supra,* 256 *N.J.Super.* at 132, 606 *A.*2d 835. In rejecting this statute's applicability, *Rosado* concluded that it applied only where parole, as opposed to probation, was revoked. *Ibid.* However, the flaw in that approach is that this same reasoning would also rule out application of *N.J.S.A.* 30:4–123.65, the very statute relied on by *Rosado,* since that statute also presupposes a revocation of parole before it would become necessary to compute any credits towards a defendant's original sentence.

Thus, facially a dilemma presents itself. Under a literal interpretation of their terms, neither *N.J.S.A.* 30:4–123.65 nor 123.51(a) would apply to Oquendo's situation under *Rosado's* approach. Nonetheless, the Legislature has in *N.J.S.A.* 2C:45–1(d) stated that the "Parole Act of 1979" governs when a "term of imprisonment" is imposed as part of a sentence of probation or when resentencing on a revocation of probation. In order to give effect to what we perceive to be the legislative scheme that jail credit is only given for actual incarceration as part of a sentence either to probation or on revocation, we reject Oquendo's claim of credit for street time. We conclude that the denial of jail credit for time served on probation or parole from a county penal institution where probation or parole is revoked, *see N.J.S.A.* 30:4–123.51(a), is sufficiently analogous and faithful to the spirit of *N.J.S.A.* 2C:45–1(d) to support the denial of credit to Oquendo for street time spent on probation or parole. Oquendo's sentence to probation had as an integral part the county jail sentence. If Oquendo had been on parole from a jail

sentence and violated his parole, no credit would be allowed under *N.J.S.A.* 30:4–123.51(a) for any street time "served." Likewise, his violation of probation should result in a similar outcome. We do not accept the argument that "street time" equates with the service of a "term of imprisonment." *See N.J.S.A.* 2C:45–1(d).

We affirm the conviction for violation of probation and the denial of additional jail credit for time on probation, but not actually physically incarcerated. We remand for resentencing in accordance herewith and in light of *Vasquez* and *Peters*.

D'ANNUNZIO, J.A.D., (dissenting).

The record indicates that defendant had fulfilled the custodial aspect of his split sentence prior to November 9, 1990, the date the State instituted the second probation violation proceeding. Defendant completely fulfilled his county jail sentence of 364 days through a combination of time served in the county jail and parole time. Consequently, defendant was entitled to 364 days jail credit. *State v. Rosado,* 256 *N.J.Super.* 126, 132–33, 606 *A.*2d 835 (App.Div.), *certif. granted,* 130 *N.J.* 20, 611 *A.*2d 658 (1992).