621 A.2d 12
STATE OF NEW JERSEY, PLAINTIFF–APPELLANT,
v. JOSE ROSADO, DEFENDANT–RESPONDENT.

Argued January 5, 1993—Decided February 25, 1993.

*Jack L. Weinberg,* Assistant Prosecutor, argued the cause for appellant (*Edward F. Borden, Jr.,* Camden County Prosecutor, attorney).

*Jacqueline E. Turner,* Assistant Deputy Public Defender, argued the cause for respondent (*Zulima V. Farber,* Public Defender, attorney).

*Annmarie Cozzi,* Deputy Attorney General, argued the cause for *amicus curiae,* Attorney General of New Jersey (*Robert J. Del Tufo,* Attorney General, attorney).

The opinion of the Court was delivered by

CLIFFORD, J.

We granted certification, 130 *N.J.* 20, 611 A.2d 658 (1992), to review the Appellate Division's determination that when sentencing a defendant to prison following a revocation of probation, the court must give credit not only for time served in a county jail as a condition of that probationary term but also for time on parole after release from the county institution. See *State v. Rosado*, 256 *N.J.Super.* 126, 133, 606 A.2d 835 (1992). We modify the judgment below only in respect of credit, and, as modified, affirm.

I

Defendant, Jose Rosado, pleaded guilty to a February 9, 1989, distribution of cocaine within 1,000 feet of a school, in violation of *N.J.S.A.* 2C:35-7. In keeping with a plea agreement that included the State's waiver of the mandatory-minimum term, the court sentenced defendant, on April 21, 1989, to five years probation conditioned on service of 364 days in the county jail. On June 5, 1989, Rosado was granted parole and released from jail. On December 9, 1989, his parole supervision having expired, defendant's parole was terminated. At that point the county probation authorities assumed supervision of defendant's probation.

In June 1990 Rosado was returned to court because he had violated probation. After a hearing the court found defendant guilty of a number of willful violations of probation conditions. It therefore vacated the April 21, 1989, sentence and imposed a five-year term of imprisonment with a three-year parole disqualifier. On that sentence Rosado received 117 days credit, covering the time he had spent in county jail from his arrest on February 9, 1989, to June 5, 1989, the date on which he had been placed on parole.

On defendant's appeal the Appellate Division, after correct-ing defendant's sentence to a straight four years, 256 *N.J.Su-per.* at 130–31, 606 *A.*2d 835—a decision not before us—held that the sentencing court should have counted the time spent on parole from the county-jail term, as well as the jail time itself, in the calculation of credit to which defendant was entitled on resentencing. *Id.* at 132, 611 *A.*2d 658. The court ruled that defendant should have received credit for the full 364–day county-jail term. *Id.* at 132–33, 611 *A.*2d 658.

In reaching its conclusion the court below focused on *N.J.S.A.* 2C:45–1d. That section reads:

When the court sentences a person who has been convicted of a crime to be placed on probation, it may require him to serve a term of imprisonment not exceeding 364 days as an additional condition of its order. When the court sentences a person convicted of a disorderly persons offense to be placed on probation, it may require him to serve a term of imprisonment not exceeding 90 days as an additional condition of its order. In imposing a term of imprison-ment pursuant to this subsection, the sentencing court shall specifically place on the record the reasons which justify the sentence imposed. The term of imprisonment imposed hereunder shall be treated as part of the sentence, and in the event of a sentence of imprisonment upon the revocation of probation, the term of imprisonment served hereunder shall be credited toward service of such subsequent sentence. A term of imprisonment imposed under this section shall be governed by the "Parole Act of 1979," P.L. 1979, c. 441 (C. 30:4–123.45 et seq.).

Whenever a person is serving a term of parole as a result of a sentence of incarceration imposed as a condition of probation, supervision over that person shall be maintained pursuant to the provisions of the law governing parole. Upon termination of the period of parole supervision provided by law, the county probation department shall assume responsibility for supervision of the person under sentence of probation. Nothing contained in this section shall prevent the sentencing court from at any time proceeding under the provisions of this chapter against any person for a violation of probation.

Because the above section provides that a term of imprison-ment imposed as a condition of probation "shall be governed by the Parole Act of 1979," the Appellate Division turned to *N.J.S.A.* 30:4–123.65, which declares that

[t]he duration of time served prior to parole, plus the duration of any time served on parole, less any time after warrant for retaking of a parolee was issued pursuant to section 18 but before the parolee is arrested, plus the duration of any time served after revocation of parole, shall not exceed the term specified in the original sentence.

Reading that section with *N.J.S.A.* 2C:45–1d, the court conclud-ed that the principles extracted from the statutory scheme indicated that "calculation of a defendant's total maximum term of imprisonment [should] include any time served on parole." 256 *N.J.Super.* at 132, 606 *A.*2d 835. The court found that conclusion consistent with pertinent case law, namely, *In re Clover*, 34 *N.J.Super.* 181, 111 *A.*2d 910 (App.Div.1955) (charac-terizing parole as "a procedure by which a prisoner is allowed to serve the final portion of his sentence *outside* the gates of the institution on certain terms and conditions," *id.* at 188, 111 *A.*2d 910), and *Serio v. Liss*, 300 *F.*2d 386 (3d Cir.1961) (declar-ing that under New Jersey law, parole does not remove a prisoner from the legal control and custody of the State, *id.* at 390).

Finally, the Appellate Division rejected the State's argument based on *N.J.S.A.* 30:4–123.51a, which provides that

any inmate sentenced to a term of incarceration in a county penal institution who is granted parole and whose parole is revoked[ ] shall not be credited for any time served during that parole and shall not be eligible for parole during the remainder of that county sentence.

The State contended that that section foreclosed the granting of credit for any time served on parole. The Appellate Division pointed out that by its terms *N.J.S.A.* 30:4–123.51a applies only to parole revocations. Because Rosado had been guilty of a violation of probation after both his jail time and parole time had elapsed, he was eligible for resentencing as a probation—not parole—violator. Hence, the statute was not relevant. 256 *N.J.Super.* at 133–34, 606 *A.*2d 835.

## II

We acknowledge that the statutory scheme does not yield a direct answer to the issue before us and that our dissenting colleague's position cannot be rejected out of hand. Neverthe-less, we are persuaded by the approach of the Appellate Divi-sion. Therefore, substantially for the reasons set forth in that court's opinion and subject only to the brief comments below,

we affirm so much of the judgment as establishes defendant's entitlement to credit for both jail time and time on parole.

The problem centers on the provision in *N.J.S.A.* 2C:45–1d that when a court resentences a defendant who has violated probation following service of a county-jail term imposed as a condition of probation, "the term of imprisonment served hereunder shall be credited toward service of such subsequent sentence." The statute is silent on how the court should treat the time served on parole. As the Appellate Division pointed out—correctly, we believe—the 1982 amendment to the Parole Act, *N.J.S.A.* 30:4–123.51a, denying credit for *parole* time on resentencing for a violation of *parole*, does not provide a clear answer because (1) that section does not clearly contemplate a county-jail term imposed as a condition of probation, and (2) as pointed out above, that statute does not purport to address the question of credit for a *probation* violator.

In addition to the case law relied on by the Appellate Division, we find substantial support elsewhere for the proposition that parole is the legal equivalent of imprisonment—a proposition that we adopt for purposes of computing credit for a "term of imprisonment" in the context of this case. Seventy years ago the United States Supreme Court declared:

The parole authorized by the statute does not suspend service or operate to shorten the term. While on parole the convict is bound to remain in the legal custody and under the control of the warden until the expiration of the term, less allowances, if any, for good conduct. While this is an amelioration of punishment, it is in legal effect[ ] imprisonment.

[*Anderson v. Corall*, 263 *U.S.* 193, 196, 44 *S.Ct.* 43, 44, 68 *L.Ed.* 247, 254.]

See also *State v. Powell*, 139 *Mont.* 583, 367 *P.*2d 553, 555–56 (1961); *People v. Thompson*, 87 *Misc.*2d 302, 384 *N.Y.S.*2d 974, 977 (Sup.Ct.1976) (citing New York cases); Neil P. Cohen & James J. Gobert, *The Law of Probation and Parole*, § 1.01, at 4 (1983). Consistent with our statute, *N.J.S.A.* 30:4–123.59, which classifies a parolee as still "in the legal custody of the Commissioner of Corrections," are *Jenkins v. Madigan*, 211

*F.*2d 904, 906 (7th Cir.1954); *Prison Law Office v. Koenig,* 186 *Cal.App.*3d 560, 233 *Cal.Rptr.* 590, 595 (1986); and *Menechino v. Division of Parole,* 32 *A.D.*2d 761, 301 *N.Y.S.*2d 350, 352 (1969), *aff'd,* 26 *N.Y.*2d 837, 309 *N.Y.S.*2d 585, 258 *N.E.*2d 84 (1970).

That courts have taken differing approaches to the problem before us is demonstrated not only by such cases as *Roman v. New Jersey State Parole Board,* 104 *N.J.Super.* 222, 249 *A.*2d 609 (App.Div.1969) (rejecting argument that "time spent on parole is time spent in confinement, the 'prison walls being pushed back,'" *id.* at 225, 249 *A.*2d 609); *Commonwealth v. Kriston,* 390 *Pa.Super.* 543, 568 *A.*2d 1306 (1990) (stating that imprisonment means "confinement of an individual to a correctional or similar institution," *id.* 568 *A.*2d at 1307); and *St. Peter v. Rhay,* 56 *Wash.*2d 297, 352 *P.*2d 806 (1960) (interpreting the phrase "term of imprisonment" to mean the term during which an inmate is actually imprisoned, *id.* 352 *P.*2d at 807), but also by the decision of another panel of our Appellate Division handed down just one day before oral argument of this appeal in this Court. In *State v. Oquendo,* 262 *N.J.Super.* 317, 621 *A.*2d 24 (1993), the court held that *N.J.S.A.* 2C:45–1d should be construed to mean "that a defendant who violates probation shall receive credit on a resentencing for such a violation only for the time he actually spent in custody for the offense for which he was originally sentenced to probation." *Id.* at 323, 621 *A.*2d at 27. Over Judge D'Annunzio's dissent, which followed *Rosado,* that panel drew support from *Rule* 3:21–8, which provides that "[t]he defendant shall receive credit on the term of a custodial sentence for any time he has served in custody in jail or in a state hospital between his arrest and the imposition of sentence." Reliance on that Rule was misplaced. Because the Rule's application is limited to credit for time spent in custody in jail or a state hospital before sentence is ever pronounced, it does not address the problem of this case or *Oquendo.* Given our disposition of this appeal, *Oquendo* can-

not be viewed as having any force or effect. It stands overruled.

The foregoing discussion, as well as the thoughtful view of our dissenting colleague, should make apparent the lack of clarity in the statutory scheme in respect of the issue before us. We have endeavored to piece together the meaning of the pertinent statutes as we believe the Legislature intended. If we have erred, that body can, by simple statutory amendment, put beyond question the manner in which it would have a court calculate the credit to be accorded a "term of imprisonment" as provided in *N.J.S.A.* 2C:45–1d. Until then, we construe against the State the ambiguity inherent in these penal enactments, *see* 3 N. Singer, *Sutherland Statutory Construction* § 59.03 (C. Dallas Sands 5th ed. 1992), and conclude that Rosado is entitled to credit for time served on parole.

### III

The Appellate Division ruled that Rosado should be credited with the full 364–day term of his county-jail sentence. He was released from parole to probation supervision on December 9; 1989, which was 187 days after he began serving his sentence. Between his arrest and sentencing he was in jail for 117 days. His total credits therefore amount to 304 days. He now acknowledges that he should receive 304, not 364, days credit. We therefore modify the Appellate Division judgment in that respect.

### IV

Judgment modified and, as modified, affirmed.

HANDLER, J., dissenting.

The Court in this case considers whether when sentencing a defendant to prison following a revocation of probation, the court must give credit not only for time served in a county jail as a condition of that probationary term but also for time on

parole after release from the county institution. It confirms the conclusion of the Appellate Division, whose opinion is reported at 256 *N.J.Super.* 126, 606 *A.*2d 835 (1992), that the sentencing court should have counted the time spent on parole from the county-jail term, as well as the jail time itself, in the calculation of credit to which defendant was entitled on resentencing. *Ante* at 430, 621 *A.*2d at 15. I disagree with the Court's determination.

The Court notes the reasoning of the Appellate Division that focused on *N.J.S.A.* 2C:45–1d, which provides that a term of imprisonment imposed as a condition of probation "shall be governed by the Parole Act of 1979." Under the Parole Act, time served on parole cannot exceed the term of the original sentence. *N.J.S.A.* 30:4–123.65. Harmonizing those statutory provisions with decisional law (*e.g., In re Clover,* 34 *N.J.Super.* 181, 111 *A.*2d 910 (App.Div.1955), and *Serio v. Liss,* 300 *F.*2d 386 (3d Cir.1961)), the Court approves the Appellate Division's conclusion that " 'calculation of a defendant's total maximum term of imprisonment [should] include any time served on parole.' 256 *N.J.Super.* at 132, 606 *A.*2d 835." *Ante* at 427, 621 *A.*2d at 13.

The Court also notes the Appellate Division's observation that the 1982 amendment to the Parole Act, *N.J.S.A.* 30:4–123.51a, denying credit for *parole* time on resentencing for a violation of *parole,* does not provide a clear answer to the question in this case—how to calculate *parole* time for a violation of *probation*—because (1) that section does not clearly contemplate a county-jail term imposed as a condition of probation, and (2) that statute does not purport to address the question of credit for a *probation* violator. *Ante* at 427, 621 *A.*2d at 14.

Our courts have consistently acknowledged the distinction between probationers serving a county-jail sentence and persons serving straight county-jail terms or state-prison terms. That settled distinction is understood to have been incorporated

in the sentencing provisions of the New Jersey Code of Criminal Justice. In *State v. Kreidler*, 211 *N.J.Super.* 276, 511 *A.2d* 733 (App.Div.1986), the court held that the *N.J.S.A.* 2C:44–1d presumption of imprisonment for persons convicted of first- and second-degree crimes refers to "straight sentences of imprisonment authorized by *N.J.S.A.* 2C:43–2(b)(3) and not to split sentences of imprisonment to be served as a condition of probation authorized by *N.J.S.A.* 2C:43–2(b)(2)." *Id.* at 279, 511 *A.*2d 733. *See also State v. O'Connor*, 105 *N.J.* 399, 414, 522 *A.*2d 423 (1987) (a split sentence cannot be imposed on a defendant who pleads guilty to an offense that carries a presumption of imprisonment); *State v. Hartye*, 105 *N.J.* 411, 419–20, 522 *A.*2d 418 (1987) (the presumption against imprisonment in *N.J.S.A.* 2C:44–1e does not bar imposition of a split sentence).

In my view, there is no equivalency between a county-jail term imposed as a condition of probation and either a state-prison term or a straight county-jail term. *See State v. Bridges*, 131 *N.J.* 402, 406, 621 *A.*2d 1, 3 (1993) (Handler, J., dissenting). A probationary county-jail term serves a function and purpose different from a straight or unconditional prison term. *Ibid.* Hence, one could soundly argue that so-called "parole" from a probationary county-jail term is something of a misnomer. It is not the functional equivalent of parole from an ordinary prison term; rather, it more closely approximates "probation" because the county-jail term itself is a condition of probation, and usually, as in this case, a prisoner released on parole from such a sentence will following "parole" be required to serve out a probationary term. Indeed, the custodial element of a probationary term may begin at any time during the probationary period and may be reduced at any time before the probationary period has expired. *Hartye, supra,* 105 *N.J.* at 419, 522 *A.*2d 418.

I believe that approach—to treat parole from a probationary county-jail term as a variant of probation—is the one intended by the Legislature to be followed in these cases. Nevertheless, according to the Court, that approach was seemingly foreclosed

by the Legislature when it chose to subject such conditional county-jail terms to the Parole Act of 1979 under *N.J.S.A.* 2C:45–1d.  The Court, however, takes the legislative direction too literally and makes too much of the label of "parole."  The Court thus accepts the legislative categorization of the supervised release from a probationary county-jail term as parole in its conventional or ordinary sense.  Then, unable to resist applying the logic of traditional law, the Court treats conventional parole as the legal equivalent of imprisonment.  As a result, the Court is satisfied to award credit to a probationer against a "term of imprisonment" for the time spent by the probationer on so-called parole from a split county-jail sentence imposed only as a condition of probation.  *Ante* at 428, 621 *A.*2d at 14.

However, as the Court itself notes, various jurisdictions have taken differing approaches to the problem of how to treat parole time.  *See Roman v. New Jersey State Parole Board,* 104 *N.J.Super.* 222, 249 *A.*2d 609 (App.Div.1969) (rejecting argument that "time spent on parole is time spent in confinement, the 'prison walls being pushed back,' " *id.* at 225, 249 *A.*2d 609);  *Commonwealth v. Kriston,* 390 *Pa.Super.* 543, 568 *A.*2d 1306 (1990) (stating that imprisonment means "confinement of an individual to a correctional or similar institution," *id.* 568 *A.*2d at 1307); and *St. Peter v. Rhay,* 56 *Wash.*2d 297, 352 *P.*2d 806 (1960) (interpreting the phrase "term of imprisonment" to mean the term during which an inmate is actually imprisoned, *id.* at 352 *P.*2d 807).  *Ante* at 429, 621 *A.*2d at 14.

The Court also acknowledges the decision of another panel of our Appellate Division handed down just one day before oral argument of this appeal in this Court, *State v. Oquendo,* 262 *N.J.Super.* 317, 621 *A.*2d 24 (1993), which the Court now overrules.

I would subscribe to the conclusion of the majority of the Appellate Division in *Oquendo.*  There the court held that

*N.J.S.A.* 2C:45–1d should be construed to mean "that a defendant who violates probation shall receive credit on a resentencing for such a violation only for the time he actually spent in custody for the offense for which he was originally sentenced to probation." *Id.* at 429, 621 *A.*2d at 14. To my way of thinking this recognizes that parole from a *probationary* county-jail term should be considered as a form of probation rather than as conventional parole, just as the jail term itself is regarded as probationary in purpose, even though the inmate is certainly entitled to have time actually spent behind bars treated as "custody" for purposes of computing credit on resentencing.

I dissent.

*For modifying and affirmance*—Chief Justice WILENTZ, and Justices CLIFFORD, POLLOCK, O'HERN, GARIBALDI and STEIN—6.

*For reversal*—Justice HANDLER—1.