**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1435-24

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JAIBRE PARKER, a/k/a
JAIBRE R. PARKER,

      Defendant-Appellant.

_____

Submitted February 4, 2026 – Decided March 12, 2026

Before Judges Mayer and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 21-07-0709.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Lee March Grayson, Designated Counsel, on the brief).

LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Nicole Handy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jaibre Parker appeals from an order denying his post-conviction relief (PCR) petition, which the court entered after hearing argument but without conducting an evidentiary hearing. Perceiving no error in the PCR court's finding that defendant did not establish a prima facie case of ineffective assistance of counsel and no abuse of discretion in the court's decision not to conduct an evidentiary hearing, we affirm.

Defendant was arrested on March 31, 2021, after police earlier that day had received a report of a stolen vehicle. At the time of the arrest, defendant was on parole after serving a prison term imposed with respect to a prior conviction. A grand jury subsequently charged defendant with multiple offenses, including first-degree robbery N.J.S.A. 2C:15-1(a)(2), first-degree carjacking, N.J.S.A. 2C:15-2(a)(2), and related weapons charges in connection with the March 31, 2021 incident.

Pursuant to a negotiated plea agreement, defendant entered a guilty plea to a single amended charge of second-degree robbery, N.J.S.A. 2C:15-1(a)(2). In the plea agreement the prosecutor agreed to recommend defendant receive an eight-year imprisonment term, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, "to be served concurrently to par[]ole violation sentence defendant is currently serving." At the time of the plea agreement, defendant

was incarcerated in state prison because he had violated parole.  The prosecutor also agreed to recommend defendant receive "all lawful jail credits."

During the plea hearing, the court acknowledged defendant's parole violation and stated:

> THE COURT:  And as far as the jail credits . . . I heard that [defendant] is serving a parole violation, is that correct, sir?
>
> [DEFENDANT]:  Yes.
>
> THE COURT:  Okay.  [Bec]ause there are unique issues with parole violations and . . . I don't know when you started serving that parole violation.  But . . . that'll all be addressed in the . . . pre-sentence report.  I'll give you whatever jail credits, GAP time, Rosado credits, anything that you're entitled to, okay?[1]

The presentence report subsequently indicated defendant was entitled to one day of jail credit for May 31, 2021.  The report contained the following comment:  "[i]f a defendant who has been released on parole is arrested for a

---

[1]  A defendant is entitled to jail credits "for any time served in custody . . . between arrest and the imposition of sentence."  R. 3:21-8(a).  "[A] defendant who has previously been sentenced to imprisonment" is entitled to gap-time credits when "subsequently sentenced to another term for an offense committed prior to the former sentence . . . ."  N.J.S.A. 2C:44-5(b); see also State v. Hernandez, 208 N.J. 24, 36-39 (2011) (explaining jail credits and gap-time credits).  In State v. Rosado, 131 N.J. 423, 428-30 (1993), the Court held a defendant receives credit for time the defendant spent on parole when he or she is resentenced after violating a term of probation.

new offense and a parole detainer is subsequently lodged, credit ceases to accrue on the new charge and begins to accrue on the sentence from which the defendant was originally paroled."

During the sentencing hearing, plea counsel objected to the presentence report's calculation of defendant's jail credits:

> [PLEA COUNSEL]: I had a chance to review the presentence report. I believe there's an error concerning his jail credits. It shows just one day. He's been incarcerated now for 23 months and --
>
> THE COURT: I know he's serving a parole violation. He's not entitled to the jail credit.
>
> [PLEA COUNSEL]: Okay. But . . . the parole violation is supposed to be concurrent to his --
>
> THE COURT: I will run this sentence concurrently. . . . I'm going to get a letter from the Department of Corrections . . . citing case law telling me that it should be consecutive. But I'm going to run it concurrently as has been negotiated over the objection of and the case law being cited by the Department of Corrections.
>
> [PLEA COUNSEL]: Thank you, Your Honor. And . . . I would ask that the court, and I think the prosecutor concurs with me, just to make sure that the jail credits are accurately reflected in the judgment of conviction.
>
> THE COURT: Well, again, I only see, again, one day jail credit. I will run this sentence concurrently to any parole violation . . . that he's continuing to serve

4

A-1435-24

. . . But I don't have the authority to give jail credits beyond that which . . . appear in the presentence report.

Before imposing sentence, the court afforded defendant the opportunity to bring any additional matters to its attention:

> [DEFENDANT]: . . . I just want to know am . . . I[] go[ing] to get all my jail credits --
>
> THE COURT: I've now said twice because you're serving a parole violation you're not entitled to any jail credit other than the one day that you have here.
>
> Also, I anticipate when I place in the judgment of conviction and I'm running this sentence concurrently to the parole violation that you're serving the Department of Corrections is going to write me a letter back saying that pursuant to case law that I shouldn't do it. But I am going to do it and I am going to run it concurrently. But the jail credits are what they are.
>
> I will ask probation to double check, . . . because . . . from my perspective you completed serving your parole violation, then you will be entitled to additional jail credits. But my view also is that because you're still in the custody of the Commissioner of the Department of Corrections you're still actually serving that parole violation.
>
> I will ask through my colleague . . . to double check and to have probation double check.
>
> I'll tell you this. I like to get the judgments of conviction out quickly for the sake of defendants moving on with their lives. But there may be a slight delay in getting yours out, because again, every day of credit GAP time, <u>Rosado</u> credit, whatever it might be,

is immensely important to you, . . . I understand that. So we'll make sure that they're correct.

I looked into it yesterday just on my own when I saw this, okay. So you will get whatever jail credits, GAP time, Rosado credit, prior service credit, whatever you're entitled to. This is what was provided to me by the professionals who are in charge of calculating these things. I will double check.

Consistent with the negotiated plea agreement and as memorialized in a March 2, 2023 judgment of conviction, the court imposed an eight-year prison term subject to NERA "[t]o run concurrent to [the p]arole sentence [defendant is] currently serving." Consistent with the presentence report, the court awarded defendant one day of jail credit. Defendant did not appeal the conviction or sentence.

In a verified PCR petition, defendant asserted his "credits" were "not being counted" and asked the court to look into that issue. In an amended petition[2] executed by appointed PCR counsel on defendant's behalf, defendant asserted plea counsel had "failed to advise him of the real-world result of the guilty plea, the custody credits, and the parole violation sentence." He acknowledged "the parole violation sentence was mentioned to him during the

---

[2] Although captioned as an "AMENDED VERIFIED PETITION," the amended petition did not contain any language attesting to the veracity of the factual assertions it contained.

plea and sentencing proceedings" but claimed "how it impacted [his] custody credits was not explained or calculated for him." Defendant asked the court to remand the case for resentencing or, alternatively, to return the case "to the trial list." In a brief, PCR counsel argued defendant had received "ineffective assistance of counsel with respect to sentencing" in that plea counsel had "failed to advise [defendant] how the parole violation . . . impacted his jail credits." PCR counsel asserted that, had defendant known of the "real-world consequences" of his plea, "he would not have agreed to [the] plea offer." That assertion was not supported by any affidavit or certification of defendant.

During oral argument, PCR counsel contended that before entering his plea defendant had not been properly advised about the calculation of gap time and argued defendant was "entitled to fully understand everything about his plea." Counsel asserted defendant was entitled to approximately 694 days (or twenty-three months) of gap-time credit and asked the court to issue a corrected judgment of conviction awarding that credit. The State responded that defendant was entitled only to whatever credits were legally applicable and indicated it had no objection to the court awarding gap-time credits if the court determined defendant was entitled to them.

At the end of oral argument, the court asked counsel to confer about whether defendant was entitled to any gap-time credit, indicating the court would award it if defendant were entitled to it. The assistant prosecutor subsequently advised the court in an email that counsel had discussed whether defendant was entitled to any gap-time credits and had "agreed that he is not entitled to any additional gap credits." She explained: "The facts indicate that he was incarcerated on other charges until 2/10/21 and that this offense occurred on 3/31/21 and he was arrested on 4/1/21. He was held on a probation violation at that point, and thus not entitled to any gap credits." In response, PCR counsel confirmed she and the assistant prosecutor had conferred about defendant's entitlement to gap-time credits, and she conceded "[t]he caselaw on parole violations is a dead end for my client." She nevertheless asserted "plea counsel should have looked into and explained" the case law to defendant and "should have moved this case faster to resolution, knowing the days would not count toward the new conviction." Counsel again "ask[ed] for a resentencing to make up for the information gap [plea] counsel left in this case." The court advised counsel in an email that it had reviewed their messages and concluded that "if [defendant] is not entitled to GAP credits, there [wa]s no reason to go on the

record for a resentencing."  The court told counsel it would issue its decision on the PCR petition "in the near future."

Judge Richard J. Nocella denied defendant's petition in a December 12, 2024 order and written opinion.  The judge concluded defendant had failed to establish a prima facie claim of ineffective assistance of counsel under the two-pronged test articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).  See Fritz, 105 N.J. at 52 (to establish ineffective assistance, a defendant must show (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" and (2) counsel's "deficient performance prejudiced the defense" (quoting Strickland, 466 U.S. at 687)); see also State v. Hernandez-Peralta, 261 N.J. 231, 247 (2025).

Citing State v. Bellamy, 462 N.J. Super. 107 (App. Div. 2019), the judge found defendant was entitled only one day of jail credit, which he received. Based on that finding and considering the plea colloquy and information provided to defendant during the plea and sentencing hearings, the judge concluded counsel's performance did not "fall[] below the wide range of reasonable professional assistance" and, thus, defendant had not established the

first prong of the Strickland/Fritz test. The judge found defendant also had failed to show he was prejudiced under the second prong of the test because defendant "received all the jail credits he was entitled to receive at sentencing" and his counsel's assertion he would not have entered into the plea agreement if he had known he was entitled to only one day of jail credit was "not rational or believable given . . . the [potential forty-year] exposure [he] faced if he had gone to trial."[3] Because defendant had not demonstrated a prima facie case of inadequate assistance of counsel, the judge declined to conduct an evidentiary hearing.

Defendant makes the following arguments on appeal:

> POINT I
>
> THE PCR COURT ERRED IN DENYING THE DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING TO EVALUATE HIS CLAIM THAT PLEA COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO ADVISE HIM THAT HE WAS NOT ELIGI[BL]E FOR JAIL CREDITS WHILE SERVING TIME ON A PAROLE VIOLATION AND NOT ADVOCATING

---

[3] We note that in response to defendant's petition, plea counsel submitted a certification in which she provided information regarding her discussions with defendant, including that "consistent with [her] practice," she had advised defendant "of all possible consequences of the[] decision[] to plead out or to go to trial." The court appropriately did not reference or rely on that testimony in its opinion denying defendant's PCR petition without conducting an evidentiary hearing.

10

FOR GAP-TIME CREDITS. ALTERNATIVELY, BECAUSE THE ISSUE OF GAP-TIME CREDIT WAS ARGUED BEFORE THE PCR COURT, BUT NOT ADDRESSED IN THE PCR COURT'S WRITTEN OPINION, THIS CASE SHOULD BE REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW.

POINT II

THE PCR COURT ERRED BY NOT CONDUCTING AN EVIDENTIARY HEARING.

In the absence of an evidentiary hearing, we review de novo both the factual inferences drawn from the record by the PCR judge and the judge's legal conclusions. State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020). Based on our de novo review, we affirm substantially for the reasons set forth in Judge Nocella's comprehensive written opinion. The judge correctly applied the Strickland/Fritz test to defendant's claim of ineffective assistance by plea counsel. See State v. Chau, 473 N.J. Super. 430, 445 (App. Div. 2022) (finding "[a] claim of ineffective assistance of counsel in connection with a plea is measured by the familiar two-part" Strickland/Fritz test). Applying that standard, we reach the same conclusions as Judge Nocella. Defendant did not establish plea counsel's performance "was not within the range of competence demanded of attorneys in criminal cases." Chau, 473 N.J. Super. at 445 (quoting Tollett v. Henderson, 411 U.S. 258, 266 (1973)) (internal quotation marks

omitted). He also did not demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Ibid. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

We discern no abuse of discretion in the judge's decision to forego an evidentiary hearing. See State v. L.G.-M., 462 N.J. Super. 357, 365 (App. Div. 2020) (holding "[w]e review a trial court's decision to grant or deny a defendant's request for a hearing under an abuse of discretion standard"). A PCR petitioner is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013); see also State v. Peoples, 446 N.J. Super. 245, 254 (App. Div. 2016) (holding "[t]he mere raising of a claim of [ineffective assistance of counsel] does not entitle the defendant to an evidentiary hearing").

Rule 3:22-10(b) provides a court should hold an evidentiary hearing on a PCR petition only if the defendant establishes "a prima facie case in support of [PCR]," "there are material issues of disputed fact that cannot be resolved by reference to the existing record," and "an evidentiary hearing is necessary to resolve the claims for relief." See also Porter, 216 N.J. at 354. Defendant did not meet that standard, and, thus, the judge did not abuse his discretion by deciding the petition without conducting an evidentiary hearing.

12

Defendant faults the judge for not addressing the applicability of gap-time credits. Contrary to defendant's assertion, the post-argument email exchange between counsel and the court make clear counsel conferred, agreed, and informed the court defendant was not entitled to gap-time credit. Accordingly, the court did not need to address the gap-time credit argument. Moreover, defendant has not demonstrated he is entitled to gap-time credit.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

13

A-1435-24